### SMITH *vs.* MASTEN.

Although it is conceded that courts have the power of granting a new trial for *excessiveness of damages* in cases of *crim. con.*, still it seems such power has never been exercised; and, accordingly, in this case, the court refused to set aside a verdict for $3000 damages, although it appeared that the plaintiff had reason to know of the improper conduct of his wife, suspected her, and yet took no measures to prevent intercourse between her and the defendant.

It however appearing that the defendant had discovered evidence not known to him at the time of the trial, that the *plaintiff* had lived in a state of adultery with another woman, after his wife eloped from him, and previous to the trial, the court ordered a new trial on the ground of such *newly discovered evidence*, on the payment of costs.

THIS was an action on the case for *criminal conversation* with the plaintiff's wife, tried at the Rensselaer circuit in September, 1833, before the Hon. James Vanderpoel, one of the circuit judges. The plaintiff obtained a verdict for $3000 damages. The defendant applied for a new trial on the ground of the excessiveness of the damages, and also on the ground of *newly discovered evidence*. The facts and circumstances of the case sufficiently appear in the opinion delivered by the chief justice. The cause was argued by

*H. P. Hunt & S. Stevens*, for the defendant.

*M. T. Reynolds*, for the plaintiff.

*By the Court*, SAVAGE, C. J. That the court has power to grant new trials for excessiveness of damages in actions of *crim. con.* as well as in all other actions sounding in damagees,

NEW-YORK,
May, 1836.

Smith
v
Masten.

is a proposition often asserted by the courts; yet it was said by Lord Kenyon in *Duberley* v. *Gunning*, 4 *T. R.* 656, decided in 1792, that he knew no instance in which a new trial had been granted in such a case, for excessiveness of the damages, and that courts leaned strongly against interference with the verdict in such cases. In that very case, the damages were £5000, when Lord Keyon thought they should have been nominal; and Mr. Justice Buller thought there should have been a verdict for the defendant, on the ground that there was consent on the part of the plaintiff to his wife's adultery, yet a majority of the court refused a new trial on the ground of excessive damages. It was very properly said in that case, that consent of the husband bars the action, but negligence on his part, and loose and improper conduct, should only mitigate damages.

In the present case, the plaintiff had reason to know of the improper conduct of his wife, and did suspect it; but it does not appear that he took any measures to prevent intercourse between her and the defendant. This was a circumstance proper to be considered by the jury, and probably was considered by them in their assessment of the damages. On the part of the defendant, the circumstances are of an aggravated character. He was himself a husband and a parent, having a wife and several children. For about three years, he seems to have kept up a criminal intercourse with the plaintiff's wife—resorting to his house whenever the plaintiff was from home—enticing the plaintiff's wife from the house into the woods, even when her husband was at home—having connection with her in indecent and exposed situations; and, finally, taking her into his own family. The defendant is to be considered as the seducer of the plaintiff's wife, as no evidence is given of any improper conduct on her part before her acquaintance with him. He is also chargeable with being the destroyer of the plaintiff's peace and happiness, as no previous disagreement is shown to have existed; and the plaintiff, when informed of his wife's infidelity, indignantly refused his credence of it. In the defendant's conduct, there is found no circumstance of mitigation. It is said that his innocent wife and children should not be punished by taking

from him more than half his property, and thereby depriving them of the means of support. To which it may be answered, that if the jury had not given the defendant's property to the plaintiff, it might have been dissipated in adulterous dissipation with the plaintiff's wife, and thereby doing the same injury to his wife and children. There is another answer; sympathy for the wife and children of an offender ought not to diminish his punishment. Such a man is not deterred from the commission of crimes by correct principles; and is only to be restrained by the fear of the consequences of crime; by the privations and sufferings of himself and those connected with and dependant upon him. The happiness of his wife and children, if he entertains for them feelings of natural affection, will operate much more strongly to restrain him from vice, than his sense of moral justice, or even dread of personal punishment. Remove from him the apprehension of suffering on behalf of his innocent family, and you remove from him the principal restraint upon his wicked propensities. I find, therefore, no good reason for granting a new trial, founded upon the excessiveness of the damages. If, previous to the case of *Duberley* v. *Gunning*, there had been no instance of a new trial granted in a *crim. con.* case, for the excessiveness of the damages, I may safely say there has been none since. I have found no such case; and if any were to be found, it would not have escaped the research of the learned counsel who argued this cause.

The next ground upon which we are asked to grant a new trial is that of *newly discovered evidence*. When this cause was tried, the only ground of diminishing damages presented to the jury, was the fact that the plaintiff knew of the improper intimacy between his wife and the defendant, and took no measures to prevent it. It is now shown that another ground of diminution of damages existed at the time of the trial, though unknown to the defendant, to wit, that the plaintiff, at that time was, and for some time previous had been, living in adultery with another woman. The grounds of this action are the injuries sustained by the husband, by alienating his wife's affections, destroying his comfort in her society, and compelling him to raise and support children not his own.

NEW-YORK,
May, 1836.

Smith
v
Masten.

Circumstances which show that he possessed no comforts of a domestic character, are proper to be given in evidence, in mitigation of damages.    If the plaintiff and his wife lived unhappily before the improper advances of the defendant, such evidence is pertinent.    The defendant cannot be chargeable with destroying the plaintiff's domestic comfort, when he had never enjoyed such comfort.    If the plaintiff was in the habit of improper intimacy with other women, his sense of moral propriety, and regard for chastity, could not be much offended by the loss of virtue in his wife.    The guilt of the defendant is not therefore diminished ; but the plaintiff has sustained less damage.    The merits of the plaintiff, but not the demerits of the defendant, are less ; both, however, are considered by the jury, in forming their verdict ; and all circumstances which diminish the one, or enhance the other, are proper subjects for their consideration.    We may reasonably conclude that had the jury had before them the facts contained in the affidavit disclosing the newly discovered evidence attached to the case in this cause, their verdict might have been affected by them, and the damages probably diminished.    These facts, at the time of the trial, had never been disclosed by the witness ; there is therefore no *laches* imputable to the defendant, in not then giving them in evidence.    The testimony now sought to be introduced is material, and not cumulative.    It relates to a point upon which no testimony was given upon the trial.    It is true that the alleged misconduct of the plaintiff took place since the elopement of his wife, but as damages were recovered by him for his wounded feelings, and the destruction of his domestic happiness, not only up to the time of the commencement of the suit, but until the trial, it would have been proper for the defendant to have shewn that at any time during the same period he had been guilty of improprieties of the same character with those committed by the defendant.    The defendant is therefore entitled to a new trial, on the ground of newly discovered evidence, upon payment of costs.