# ABNER REA

*v.*

# WILLIAM C. TUCKER.

1. EVIDENCE—*of divorced wife in a suit by her former husband—its admissibility.* A divorced wife is incompetent to testify in behalf of her former husband, in a suit brought by him against her seducer.

2. SAME—*of adultery by plaintiff—its admissibility in mitigation of damages.* In a suit for damages brought by the husband against another, for a criminal intimacy with the wife of the former, it is admissible for the defendant to prove the adulterous conduct of the husband, in *mitigation* of damages, but such evidence is not admissible in *bar* of the action.

3. SAME—*of adulterous conduct of wife—its admissibility.* So, also, is it admissible for the defendant to prove, in mitigation of damages, that the wife of the plaintiff had been guilty of adultery with other persons before her connection with the defendant.

4. SAME—*pecuniary circumstances of the parties—its admissibility.* In such case, it is admissible to introduce evidence to show the condition in life and the pecuniary circumstances of the respective parties.

5. COLLUSION—*of parties—when a bar.* In an action by a former husband against the seducer of his divorced wife, for damages resulting therefrom, evidence of collusion between the husband and wife in bringing the suit, is not admissible in bar of such action. But if the offense of the defendant had been the result of collusion between the plaintiff and his wife, or of connivance on the part of the plaintiff, evidence of such collusion would bar the action.

APPEAL from the Circuit Court of Franklin county; the Hon. ANDREW D. DUFF, Judge, presiding.

The opinion states the case.

Messrs. TANNER & CASEY, Mr. THOMAS J. LAYMAN and Mr. EDWARD V. PIERCE, for the appellant.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Tucker against Rea, for criminal conversation with his wife, and resulted in a verdict and judgment for the plaintiff, from which the defendant has prosecuted an appeal. The appellee has filed no brief in this court.

The first reason assigned by appellant for a reversal of the judgment is, that the divorced wife of the plaintiff was allowed to testify, against the objections of the defendant. This was clearly error. The point has been often ruled, and the authorities are cited in 1 Greenl. Ev. sects. 337–342; *Waddams* v. *Humphrey*, 22 Ill. 661.

It is next urged that the court erred in refusing to permit the defendant to prove the plaintiff had been guilty of adulterous conduct. This error is also well assigned. Lord KENYON held, in *Wyndham* v. *Wycombe*, 4 Esp. 17, that where the plaintiff had himself been living in an open state of adultery, he could not maintain this action, but in the subsequent case of *Bromley* v. *Wallace*, 4 Esp. 237, it was held, the evidence went only in mitigation of damages. For that purpose, it is plainly admissible on the clearest principles of justice, but we see no grounds on which it can be held an absolute bar to the action.

The defendant should also have been permitted to prove for the same purpose, the mitigation of damages, that the wife of plaintiff had been guilty of adultery with other persons before

her connection with the defendant. 2 Greenl. Ev. sec. 56, and cases there cited.

The court, however, did not err in permitting the introduction of evidence showing the condition in life and pecuniary circumstances of the respective parties. This was so held in *Grable* v. *Margrave*, 3 Scam. 372, in an action for the seduction of a daughter, and the rule is equally applicable to the case at bar. Neither did the court err in refusing to instruct the jury that they must find for the defendant if they believed the plaintiff colluded with his former wife for the purpose of bringing this action. If the offense of the defendant had been the result of collusion between the plaintiff and his wife, or of connivance on the part of the plaintiff, it would have been a bar to the action, but that idea is not expressed by the instruction, which speaks merely of colluding to bring this suit. We are in doubt what was meant by this phrase, and the instruction would have tended to mislead the jury.

For the reasons above given, the judgment must be reversed and the cause remanded.

*Judgment reversed.*