WILLIAM REEVES, JR.

*v.*

MARTIN HERR, Executor, etc.

1. WITNESS—COMPETENCY—*whether widow of testator may testify in behalf of executor.* In an action by the executor of a deceased person, to recover on an account in favor of the deceased against the defendant, it was *held,* incompetent for the widow of the testator to testify for the plaintiff in relation to a conversation of the defendant with her husband in her presence after their marriage, in regard to the account, by which it was sought to prove an admission by the defendant of the account sued on, and a promise, on his part, to pay the same within the period fixed by the statute of limitations barring such an action, it not appearing that the witness had a direct interest in the event of the suit.

2. LIMITATIONS—*as to the several items of an account.* Where all the items of an open, unliquidated account are on one side, the last item happening to be within the period fixed by the statute of limitations barring an action on the account, will not draw after it those that are of longer standing, so as to protect them from the operation of the statute.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

6—59TH ILL.

This was an action of assumpsit, brought by Martin Herr, as executor of Adam Herr, deceased, against William Reeves, Jr. The declaration contained the usual common counts for goods, wares, etc., sold to Adam Herr, in his lifetime. To this declaration the defendant filed two pleas. First, general issue, and second, the plea of the statute of limitations. The replication asserts that the cause of action accrued within five years. Upon a trial by the court, a jury being waived, judgment was rendered for the plaintiff. The defendant appeals.

Messrs. SNYDER & DILL, for the appellant.

Mr. JOHN HINCHCLIFFE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The principal question in this case is, whether the testimony of Catharine Herr, the widow of Adam Herr, was rightly admitted.

It is a well settled general rule, that a husband and wife, while that relation exists, can not testify for or against each other. And it is no doubt fully established by the authorities, that even after the dissolution of the marriage contract, the husband and wife are not, in general, admissible to testify against each other, as to any matters which occurred during the existence of that relation. *Monroe* v. *Twisleton,* Peak's Add. Ca. 319; *Doker* v. *Hasler,* Ry. & Mo. 198; 1 Greenlf. Ev. § 337; *Stein* v. *Bowman,* 13 Pet. 210; *Babcock* v. *Booth,* 2 Hill, 182; *Neubrecht* v. *Santmeyer et al.* 50 Ill. 75; *O'Connor* v. *Majoribanks,* 4 Man. and Gr. 435.

And it is contended, that in the latter case the wife is only excluded as a witness when she is called *against* her husband or his representative, and asked to disclose any fact imparted to her by her husband in the trust and confidence of that relation; and that the present case, the widow having been called *for* her husband's representative, does not fall within the rule.

In the cases of *Ratcliff* v. *Wales*, 1 Hill, 63, and *Dickerman* v. *Graves*, 6 Cush. 308, being actions brought by a husband for criminal conversation with his wife, it was held, that the latter, after a divorce from the bonds of matrimony, was a competent witness for the husband to prove the charge laid.

In both cases, the general rule was admitted, that the husband and wife are not competent to testify against each other as to what occurred during the marriage relation, even after the marriage contract was at an end, and the cases were held not to come within the rule, as the wife was not called to testify *against* but in favor of the husband, and there was no violation of confidence reposed in her by the husband, for he himself called her to testify, and the fact she was offered to prove, did not come to her knowledge in consequence of the marriage relation.

These authorities favor the appellee's position, so far as they lay stress upon the fact that the wife was not called *against* the husband.

It is laid down in the text-books, that this rule of exclusion of husband and wife as witnesses for or against each other, is adhered to after the marriage tie has been dissolved by the death of one of the parties, or by a divorce for adultery ; and the rule is so laid down generally, without restricting it to the case where they are called to testify *against* each other.  2 Stark. Ev. 706; 1 Greenl. Ev. § 337 ; 1 Phill. Ev. 75; Tyler Inf. and Cov. 323.

The exclusion of the testimony of husband or wife for each other, is more frequently put upon the ground of unity of interest, and if that were the only ground, the position of the appellee would be more tenable; but we conceive this rule of exclusion does not rest solely upon that ground, but on considerations of public policy as well.

It has been resolved, says Lord COKE, that a wife can not be produced either against or for her husband, *quia sunt duæ animæ in carne una ;* and it might be a cause of implacable

discord and dissension between the husband and the wife, and a means of great inconvenience. 1 Co. Litt. 7 a.

In 2 Kent Comm. 176, it is laid down, that "the husband and wife can not be witnesses for or against each other. This is a settled principle of law, and it is founded as well on the interest of the parties being the same, as on public policy." See, also, 1 Greenl. Ev. § 334; Tyler Inf. and Cov. 320; *Stein* v. *Bowman*, 13 Pet. 222.

Our statute abolishing the incompetency of witnesses on the ground of interest, after enacting in the first section, that no person shall be disqualified as a witness in any civil action, suit or proceeding, except as hereinafter stated, by reason of his or her interest in the event thereof, as a party or otherwise, etc., declares in the fifth section: no husband or wife shall, by virtue of section one of this act, be rendered competent to testify for or against each other, as to any transaction or conversation occurring during the marriage, whether called as a witness during the existence of the marriage, or after its dissolution, except in certain specified cases, of which this is not one.

But if the policy of the law, as contended, excludes the wife as a witness only when called *against* her husband or his representative, and to prevent a violation of any confidence reposed in her by the husband, why, after the law has removed all objection to the competency of a witness on the ground of interest, should not the husband himself, in his life time, be permitted to call his wife as a witness *for* him?

Why does the statute, after providing that interest shall be no objection to the competency of a witness, declare, that notwithstanding, by virtue of that, the wife shall not be rendered competent to testify for her husband? This must be because interest is not the only ground of objection to husband or wife testifying for each other, but that sound policy, having respect to the preservation of family peace and happiness, excludes the testimony.

And this enactment would seem to be a recognition and affirmance of this rule of public policy.

It can not be said here, as in the case cited from 6 Cush., that there could be no violation of any confidence reposed in the wife by the husband, because he himself .called her to testify. This witness was called by the executor, and although the representative of the husband as to his personal estate, he was not his representative to determine the fitness of calling upon the widow for a disclosure of matters occurring during the marriage.

Although called *for* the executor, the witness might have been subjected to a cross-examination, and in this manner be brought into conflict with the interest of the estate.

What was sought to be proved by the witness here, was a conversation between the defendant and the husband, before and in the presence of the witness, his wife, which is claimed to have amounted to an admission, by the defendant, of the account sued upon, and a promise on his part, within the period fixed by the statute of limitations, to pay it.

We do not find from the authorities, that this rule of exclusion is confined to subjects which are confidential in their nature, and we think it should apply whenever the wife is called upon to disclose any matter, which came to her knowledge in consequence of the marriage relation.

The conversation in question, though not between the witness and her husband, but between him and the defendant, yet, as it occurred between them in the presence and hearing of the wife, we must regard that she came to the knowledge of it by means of her situation as wife, that she could not properly be admitted to testify concerning it against the representative of her husband, nor should she be admitted to testify in his favor.

As the adverse party in this case sues as the executor of a deceased person, the defendant, under the second section of the statute, was not allowed to testify in his own behalf.

. If the witness, Mrs. Herr, had a direct interest in the event of the suit, then, under the third specified case in the second section, the defendant would be permitted to testify as to the same admission and conversation she testified to. But as it does not appear whether she had any such direct interest or not, the defendant would not be allowed to testify, under the statute, because of the death of Adam Herr, and the inability to have his testimony offered and considered with that of the defendant.

But the wife of Adam Herr was so identified with him, that they essentially constituted but one party, and so far as the interests of the defendant are concerned, it would seem to matter little whether the testimony of the one or that of the other, was introduced against him. If, then, on the death of Adam Herr, his widow should be received to testify for his representative, as the defendant could not meet her testimony with his own, it would seem to be unfair towards him, and in violation of the spirit of the statute, which seems to intend, that there should be a mutuality and equality of opportunity in parties testifying the one against the other.

When the statute had provided, that in a suit brought by the executor of a deceased person, the defendant should not be allowed to testify, and that no husband or wife should, by virtue of section one of the act, (which abolishes the disqualification of a witness, by reason of interest,) be rendered competent to testify for or against each other, as to any transaction or conversation occurring during the marriage, whether called as a witness during the existence of the marriage or after its dissolution, could it have been intended, that after the husband's death, his widow might be admitted to testify as to such transaction or conversation. Had such been the intent of the statute, would it not have provided, that in such case the defendant also should be allowed to testify, at least as to the same transaction or conversation?

We are of opinion, the witness was not admissible, within the fair intent and meaning of this statute, as well as on the ground of public policy.

The question argued, as to the admissibility of the witness from necessity, to prove the book of accounts, does not arise on the record, as the book does not appear to have been offered in evidence, and the husband himself appears to have made the entries.

The most part of the account was apparently barred by the statute of limitations. The items within five years before suit brought, would not, as supposed, take the items beyond that time out of the statute. There were no mutual accounts here,—the account was all on one side.

Where all the items of an open unliquidated account are on one side, the last item which happens to be within six years, will not draw after it those that are of longer standing, so as to protect them from the operation of the statute of limitations. *Kimball* v. *Brown,* 7 Wend. 322; *Thompson* v. *Reed,* 48 Ill. 119.

The testimony of Catharine Herr being all that was offered on the part of the plaintiff, for error in its admission the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*