HERVEY LOWE

*v.*

GODFREY MASSEY.

62 47
101a 591
101a 592

1. TRESPASS FOR CRIMINAL CONVERSATION—*what participation by the husband in the guilt of the wife will bar the action.* In an action of trespass for

criminal conversation by the defendant with the wife of the plaintiff, an instruction which directed the jury that, even if they believed, from the evidence, that the wife of the plaintiff was ever so profligate, that would be no bar to his recovery, unless they further believed, from the evidence, that she was permitted to live as a prostitute, with the knowledge and consent of her husband, was regarded as erroneous, in that it required the participation of the husband in the misconduct of the wife to too great an extent in order to make it constitute a defense to the action, the connivance of the husband being enough to bar the action.

2. INSTRUCTIONS—*should be framed in view of the evidence.* And in view of the evidence tending to show the connivance of the plaintiff, it was *held* that to an instruction directing the jury that, in case they found the defendant guilty of the charges laid in the declaration, they were authorized to find for the plaintiff, should have been added the qualification, if there was not connivance on the part of the plaintiff.

3. INTENDMENT—*against a party failing to testify for himself.* No intendment should be made against a party because he does not testify for himself.

APPEAL from the Circuit Court of Will County; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. RANDALL & FULLER, for the appellant.

Messrs. BRECKENRIDGE & MUNN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass for criminal conversation.

On the trial of the cause the following instructions were given on behalf of the plaintiff, to-wit:

The Court instructs the jury that in this case the law is, that even if the jury believe, from the evidence, that the wife of the plaintiff was ever so profligate, yet that would be no bar to his recovery in this case, unless the jury further believe, from the evidence, that she was permitted to live as a prostitute, with the knowledge and consent of her husband.

If the jury shall, from the evidence in the case, find that the defendant is guilty of the charges in said plaintiff's declaration alleged, they are authorized by law to find a verdict for

the plaintiff for such amount as they may think he ought to have, not exceeding the amount claimed in the declaration.

The jury are further instructed, that if a party to a suit is in possession of evidence at the trial and does not produce it, the inference of the law is that if produced it would be in favor of the opposite party, and against the party not using the evidence.

The first instruction we deem erroneous in requiring the participation of the husband in the misconduct of the wife to too great an extent in order to make it constitute a defense to the action. It is not necessary for that purpose that his conduct should go to the debased extent implied by that instruction. The connivance of the husband is enough to bar the action, which, as we conceive, comes much short of the requirement of the instruction.

In view of the evidence there was in the case, tending to show the connivance of the plaintiff, we think there should have been added the qualification to the second instruction, that there was not connivance on the part of the plaintiff.

The third instruction has no applicability to any thing in the case, except the fact that the defendant did not become a witness in his own behalf. From this fact no inference of law should arise, one way or the other. The adverse party might have introduced him as a witness, and as well might his failure to do so be held to imply a consciousness that the testimony, if offered, would be unfavorable to him.

No intendment should be made against a party because he does not testify for himself. We can readily imagine various motives which might influence a party to forego becoming a witness in his own behalf, besides the consciousness that the facts within his knowledge, if disclosed, would make against his own side of the case and in favor of that of his adversary.

We should be unwilling to adopt a rule which would have the effect to compel parties in a suit to become witnesses in order to avoid unfavorable legal inferences against them. It is not desirable to increase the frequency of the introduction of

4—62d Ill.

this species of evidence, and the lamentable exhibitions of contradictory testimony to which it now every day gives rise in our courts of justice.

As applicable to the facts of this case, we hold the last instruction to be erroneous.

For error in giving the above instructions, the judgment must be reversed, and the cause remanded.

*Judgment reversed.*