# COUNTY OF ADDISON,

###### AT THE

## JANUARY TERM, 1874.

###### PRESENT :

HON. ASAHEL PECK,
HON. HOYT H. WHEELER,  } ASSISTANT JUDGES.
HON. TIMOTHY P. REDFIELD,
HON. JONATHAN ROSS,

---

## MARSHALL T. SHATTUCK v. GEORGE HAMMOND.[*]

### *Evidence.   Mitigation of Damages.*

In an action for criminal conversation, the defendant may show the plaintiff's criminal connection with other women at any time after his marriage and before trial, in mitigation damages.

CASE for criminal conversation with the plaintiff's wife. Plea, the general issue, and trial by jury, June term, 1868, PIERPOINT, Ch. J., presiding.

The writ was dated February 18th, 1867. The testimony on the part of the plaintiff tended to show, that during most of the years 1865 and 1866, the families of the plaintiff and defendant were on intimate terms, and that the defendant, sometimes with his

---

*This case was tried at the January term, 1869.

family and sometimes alone, frequently called and visited at the plaintiff's house; that the defendant had illicit intercourse with the plaintiff's wife at three different times in the summer and fall of 1866; that the plaintiff and his wife had been married about twelve years, and that she had borne no children until the 13th of February, 1867, when she was delivered of a child. The testimony on both sides tended to show that the plaintiff's wife remained at the plaintiff's house about three months after the birth of said child, when, having recovered sufficiently to travel, she went to Massachusetts to reside with her father, where she had ever since remained. The defendant introduced evidence tending to show that there had been no illicit intercourse, or other improper conduct, between him and the plaintiff's wife. The defendant, among other things, offered the testimony of several witnesses, to show that the plaintiff, on the 16th of April, 1867, and while his wife still remained at his house as aforesaid, went with one Martha Church to St. Johns, in the Province of Quebec, and there had illicit intercourse with her. To the admission of this testimony the plaintiff objected, and the court excluded it; to which the defendant excepted. It appeared that whatever intercourse existed between the defendant and the plaintiff's wife, terminated in November, 1866, and had become known to the plaintiff before the alleged transaction at St. Johns; and no evidence was offered to show adultery by the plaintiff on any previous occasion. The defendant introduced the depositions of the father and mother of the plaintiff's wife, tending to show cohabitation between the plaintiff and his wife after their separation as aforesaid.

*Paul Dillingham* and *H. S. Royce*, for the defendant.

The testimony offered to show that the plaintiff took a woman to St. Johns, in April 1867, and there had illicit intercourse with her, was clearly admissible in mitigation of damages. 1 Phil. Ev. (4th Am. ed.) 181, note; *Smith* v. *Mastin*, 15 Wend. 270; *Calcraft* v. *Harborough*, 4 C. & P. 499; Sedgw. Dam. 120; Hilliard Rem. Torts, 398; *Foley* v. *Peterborough*, 4 Doug. 294; *Bromley* v. *Wallace*, 4 Esp. 237; *Traverse* v. *Borger*, 24 Barb.

614; 1 Selw. N. P. 24; Buller N. P. 296; *Hodges* v. *Windham*, Peake's Cases, 39; *Elsam* v. *Faucett*, 2 Esp. 562; 4 N. H. 501; *Foot* v. *Tracy*, 1 Johns. 46.

*E. R. Hard*, *J. W. Stewart*, and *E. J. Phelps*, for the plaintiff.

Evidence to prove adultery by the plaintiff, after the intercourse between his wife and the defendant had terminated and been discovered, was properly rejected. The purpose for which such evidence is admitted, is to reduce the damages, by showing that the proper relations between the plaintiff and his wife, were impaired before the seduction took place. After that has occurred, and the cause of action is complete, it can not be taken away by subsequent misconduct of the plaintiff. It is among the natural and worst results of the defendant's offence, that men of previous good conduct are thus driven into bad courses. And to allow evidence of that sort to be given, is simply to permit the defendant to set up the consequences of his own wrong as a defence against liability for it. 2 Stark. Ev. 443 ; 2 Greenl. Ev. § 56.

The opinion of the court was delivered by

BARRETT, J. Of the several points of exception that were taken on the trial in the county court, and have been argued in this court, only upon one do we find occasion to reverse the judgment, though on the others there was not entire concurrence of views. We think the exception was well taken to the exclusion of the testimony offered to show the conduct of the plaintiff with Martha Church. It would seem that the same principle that accords to the plaintiff the right to show, in aggravation of damages, his rank and quality, would entitle the defendant to show the *same* in mitigation. It would be but bringing him to the test of a scale that is graduated both ways from the *zero* of indifference. If his rank marks *plus* with reference to that point, he has the benefit in due proportion; if *minus*, he should, by the same rule and reason, be subjected to the resulting disadvantage in like proportion. In 2 Stark. Ev. part IV, 442, it is said that, "evidence in aggravation usually consists in showing the rank and quality of the plaintiff," &c. Ib. 443, the case of *Wyndham* v. *Ld. Wy-*

*comb,* 4 Esp. 16, and *Sturt* v. *Marquis of Blandford,* are cited, in which it was ruled by Lord KENYON that the fact of the plaintiff's connection with other women after his marriage, might be proved in bar. But in *Bromley* v. *Wallace,* Ib. 237, Lord AL- VANLEY ruled that it was to be considered in mitigation of damages, and not in bar of the action. What was held in the case last cited, is the true doctrine, shown (Buller N. P. 27) to have been held and promulgated very early ; and by the more recent text-books and cases, it is shown to be firmly established, and to have been decisively administered. 1 Phil. Ev. (4 Am. ed.) 181, note ; 2 Greenl. Ev. § 56 ; KENT, Ch. J., in 1 Johns. 51 ; RICH- ARDSON, Ch. J., 4 N. H. 501. In *Smith* v. *Masters,* 15 Wend. 270, SAVAGE, Ch. J., sets forth, clearly and strongly, both the rule and the reason in this respect, and at the same time answers the point made upon the fact that the alleged bad conduct of the plaintiff was after the alleged adultery of the wife with the defendant. In that case, a new trial was granted on the sole ground of newly discovered evidence that the plaintiff, at the time of the trial, and for some time previous, had been living in adultery with another woman ; and this fact would be for consideration on the question of damages. The language of the very eminent chief justice is, " If the plaintiff was in the habit of improper intimacy with other women, his sense of moral propriety and regard for chastity, could not be much offended by the loss of virtue in his wife. The guilt of the defendant is not therefore diminished ; but the plaintiff has sustained less damage. The merits of the plaintiff, but not the demerits of the defendant, are less ; both, however, are considered by the jury in forming their verdict ; and all circumstances which diminish the one, or enhance the other, are proper subjects for their consideration. * * * It is true that the alleged misconduct of the plaintiff took place since the elopement of the wife ; but, as damages were recovered by him for his wounded feelings, and the destruction of his domestic happiness, not only up to the time of the commencement of the suit, but until the trial, it would have been proper for the defendant to have shown that at any time during the same period he had

been guilty of improprieties of the same character with those committed by the defendant."

Not only these views are entertained by this court, but as to the bearing of the fact that the equally vicious and criminal conduct on the part of the plaintiff took place after the alleged misconduct of the defendant with the plaintiff's wife, it can hardly fail to be remarked, that such conduct by the plaintiff is not sufficiently accounted for by the suggestion in the brief of his learned counsel that, " it is among the natural and worst results of the defendant's offence, that men of previous good conduct are thus driven into bad courses."

Ordinarily, a man of the age of the plaintiff, and after twelve years of married life, is not driven all of a sudden from the purity of conjugal fidelity into the filthiness and criminality of adultery with a strumpet, within two months after he has brought his suit to repair the damage to his marital bed and his conjugal affections, solely by the fact that the defendant had debauched his wife, who was still living in his own house, and, for aught that appears, in the ordinary relations and manner of wife with husband, at the time of his alleged misconduct.

As the world goes, it would be a fair matter of question and consideration, whether such conduct on his part, in such a conjuncture in his domestic history, would not evince a condition of mind and character of sentiment, resulting from a progressive growth, such as to render him progressively less susceptible to the kind of injury which the law in such cases regards as the basis and subject for compensation.

It is a mistake to suppose that the municipal law, or the moral or divine law, discriminates between the crime or the beastliness of adultery, as committed by the husband or the wife, or by another party with either of them. And though it is true that, by the *code social*, the male adulterer and debauchee has often an unquestioned currency and countenance in society, while the less offending, or only suspected, female is exorcised as a polluted and polluting thing, and is doomed to irretrievable social perdition, yet, in the eye and hands of the law, the male has no precedence of

immunity or of impunity. We think then there is no ground or reason for limiting the showing of misconduct on the part of the plaintiff to any particular time before the trial, or with reference to the time of the act of the defendant for which the suit was brought, provided such misconduct of the plaintiff was after marriage to his faulty wife. Such misconduct, so far as it bears on the plaintiff's susceptibilities to the kind of injury which the jury may consider in according damages, is proper to be shown on the trial.

Judgment reversed, and cause remanded.

PECK, WILSON, and PROUT, J.J., concurred.