JULIUS A. SCHORN, Respondent, v. CHARLES A. BERRY, Appellant.

*Action for criminal conversation — the adultery of the husband — consent to wife's intercourse with others — test of the relevancy of matter pleaded.*

In an action brought by a husband, alleging the alienation of the affections of his wife, the defendant may set up the adultery of the husband; that he had bragged and boasted about it to the wife, and that he had importuned her to have intercourse with other men.

Such facts, if proved, may amount to a complete defense; but if this be not so they are competent in mitigation of damages.

The true test of the relevancy of matter pleaded is whether the averments constitute a cause of action or a defense.

APPEAL by the defendant Charles A. Berry from an order of the Supreme Court, entered in the office of the clerk of the county of Chenango on the 1st day of July, 1891, striking out a part of the answer of the defendant as irrelevant, redundant and scandalous.

*George W. Ray,* for the appellant.

*W. C. Moulton,* for the respondent.

MARTIN, J. :

This action was to recover damages for an alleged alienation of the affections of the plaintiff's wife. Among other allegations contained in the answer was the following : " That on divers and different occasions during the years 1886, 1887, 1888, 1889 and 1890, the plaintiff had carnal and criminal connection and intercourse with his servant girls, and with other females, and bragged and boasted of the same to the said Clara Schorn, his said wife, and importuned his said wife to have intercourse with other men." This portion of the answer was stricken out as irrelevant, redundant and scandalous, and from that portion of the order the defendant appealed.

If this matter was proper to be pleaded for any purpose, or if it would affect the question of damages or go in mitigation of the amount of damages, it was not irrelevant. The true test of relevancy is to inquire whether the averments tend to constitute a cause of action or defense. If they do, they are not irrelevant. (1 Rumsey's Pr., 299 *et seq.*)

In an action for criminal conversation, if the husband consents to his wife's adultery, it is a bar to the action, whether the consent be general by giving a general license to his wife to conduct herself as she pleased with men generally, or by assenting to the particular act of adultery charged. (*Winter* v. *Henn*, 4 C. & P., 498 ; *Bunnell* v. *Greathead*, 49 Barb., 106 ; *Norris* v. *Norris*, 30 L. J. Matrimonial, 111 ; *Cibber* v. *Sloper*, cited in *Duberley* v. *Gunning*, 4 T. R., 655 ; *Sanborn* v. *Neilson*, 4 N. H., 501 ; *Cook* v. *Wood*, 30 Ga., 891.)

In an action of this character the defendant may show the plaintiff's carnal connection with other women at any time after his marriage and before trial in mitigation of damages. (*Smith* v. *Masten*, 15 Wend., 270 ; *Shattuck* v. *Hammond*, 46 Vt., 466 ; *Rea* v. *Tucker*, 51 Ill., 110 ; *Sanborn* v. *Neilson, supra.*)

The matter contained in the portion of the answer stricken out was alleged both as a defense and in mitigation of damages. It, in effect, alleged that the plaintiff committed adultery with other persons after his marriage and before trial, and that he consented to his wife's adultery. If the facts alleged could be established, they would constitute a full, or at least a partial defense to the action. We think the defendant had a right to plead the matters stricken out, and that the court erred in granting the order appealed from, and the order should be reversed, with ten dollars costs and disbursements.

HARDIN, P. J., and MERWIN, J., concurred.

Order reversed, with ten dollars costs and disbursements.