SAMUEL MORNING, Appellant, v. IRA LONG.

**Criminal Conversation:.** CONSENT OF HUSBAND.   A husband's consent
1   to criminal conversation with his wife will bar a recovery by him
    therefor.

EVIDENCE OF CONSENT.   The relation of a husband to his wife after
4   her criminal conversation with a third person with his knowledge
    may be considered, as bearing on his connivance, when that is an
    issue.

CONSENT MUST BE SPECIALLY PLEADED. Plaintiff's consent and conniv-
ance must be specially pleaded in defense to an action by him
to recover for criminal conversation. with his wife, before it can
be claimed to bar the action.

SUBMISSION TO JURY WITHOUT SUCH PLEA: *Testimony without obj ction.*
Where plaintiff's consent and connivance are not specially pleaded
in defense to an action by him to recover for criminal conversation
with his wife, that issue should not be submitted unless *direct* evi-
dence thereof has been received without objection.

*Appeal from Boone District Court.*—HON. B. P. BIRDSALL,
Judge.

FRIDAY, OCTOBER 13, 1899.

ACTION to recover damages for criminal conversation
with plaintiff's wife. The answer was a general denial,
coupled with a denial of indebtedness. The bar of the statute
of limitations was also set up. From a verdict and judg-
ment in defendant's favor, plaintiff appeals.—*Reversed.*

*Dyer & Stevens* for appellant.

*Crooks & Snell* and *R. F. Jordan* for appellee.

WATERMAN, J.—The petition is in two counts. The
first claims for the alienation of the wife's affections, loss of
society, etc., and the other for criminal conversation. So far
as concerns the questions presented on this appeal, we need
consider only matters charged in the second count. In
the course of the testimony, facts and circumstances
appeared from which the inference could fairly be
drawn that plaintiff consented to or connived at the criminal
conduct of his wife. Upon this feature of the case the court
gave the following instruction to the jury: "Should you
not find that the plaintiff has established the alleged wrong-
ful act or acts of the defendant, or. if you find that such
acts, if committed, were consented to or connived at by plain-
tiff, then you will have no occasion to consider the question
of damages, but will return your verdict for the defendant."

Other paragraphs of the charge embodied the same thought, but we need not set them out.

It is first urged that the court erred in submitting to the jury the matter of the husband's consent or connivance, as a complete bar to his recovery. The thought is that such a defense is affirmative in character, and to have been available, should have been pleaded. Undoubtedly the husband's consent to the criminal act with his wife will bar a recovery by him. *Norton v. Warner,* 9 Conn. 172; *Rea v. Tucker,* 51 Ill. 110; *Lowe v. Massey,* 62 Ill. 47; *Smith v. Masten,* 15 Wend. 270; *Puth v. Zimbleman,* 99 Iowa, 641-649. But the question we have here is, must such a defense be specially pleaded before it can be claimed as a bar to the action? As we have said, the answer was in general denial. Section 3629 of the Code provides, "* * * Any defense which admits the facts of the adverse pleading, but by some other matter seeks to avoid their legal effect, must be specially pleaded." And section 3615 is as follows: "Under a denial of an allegation, no evidence shall be introduced which does not tend to negative some fact, the party making the controverted allegation, is bound to prove." These sections have been construed by this court strictly in accordance with their terms. *Scott v. Morse,* 54 Iowa, 732. The plaintiff was bound to prove the marital relation and the debauching of his wife. Upon this showing he would have been entitled to recover. Nothing in his own conduct tends to negative either of these facts. Appellee seeks to place this case in the category with actions for injuries by negligence, and claims that the burden is upon plaintiff to negative wrongdoing on his own part. We must say we can see no reason for any such claim. None of the authorities cited by appellee sustain the rule for which he contends. Those which at first glance seem to do so will be found to be based upon the general issue as it existed at common law, and which has been abolished in this state. And there are authorities holding that even under that plea such a defense cannot be made.

5 Enc. Pl. & Prac. 618. One of the cases so cited by appellee (*Travis v. Barger,* 24 Barb. 624) is directly opposed to his theory.

II. It is said, because this evidence was received without objection, it was proper to submit the issue to the jury. But this cannot be so, for the testimony upon which this claim of connivance is based was wholly circumstantial. It consists of inferences from facts properly brought out, and which related to the times, places, and circumstances of the alleged illicit acts. Those facts could not properly have been objected to, and, as just remarked, it is upon the assumptions from these alone that the theory of the husband's consent is predicated. Had direct evidence of plaintiff's consent been offered and admitted without objection, we should have said that, although the issue is not presented by the pleadings, the court was justified in instructing thereon. *Collins v. Collins,* 46 Iowa, 60. But no such question arises here.

III. The court gave the following instruction: "Testimony has been given to show that since the alleged wrongful acts of the defendant the plaintiff has forgiven his wife, and continued to live with her and maintain family relations with her. Now, if you find that the defendant is guilty of the wrongs charged, without consent or collusion of the plaintiff, then the continuance of the family relation would be no defense to this action. But the fact and manner of the subsequent family relations may be considered, as bearing upon the amount of damages which should be awarded the plaintiff, as well as upon the question whether there was any collusion or connivance between the plaintiff and his wife, and you will give it such weight and bearing upon these questions as you believe it to be worth." It is urged that this paragraph is in conflict with the holding of this court in *Stumm v. Hummel,* 39 Iowa, 478. We held in that case only that a continuance of the marital relation after the husband had knowledge of the wife's infidelity

did not necessarily have the effect to establish connivance on his part. We did not say, nor could we properly, in the face of the authorities, that the relation of the husband to the wife after her criminal act, and after he knew the fact, could not be considered, as having a bearing on the issue of his connivance, and that is all that is contained in the instruction under consideration. Some other matters, not likely to again arise, we need not consider. For the error pointed out, the judgment is REVERSED.