# Fay A. Yokem, by her Guardian etc., v. R. T. Hicks, Adm., et al.

1. WITNESSES—*Interested Parties, When Incompetent.*—A son is an incompetent witness to testify to matters occurring before the death of his father, where he is directly interested in such matters as a donee of his father.

2. SAME—*Surviving Wife of a Deceased Husband, Incompetent.*—A surviving wife is incompetent to testify to matters or conversations occurring during her marriage with the deceased husband.

3. DELIVERY—*Indorsement on a Note Not Evidence of.*—The indorsement on a promisory note to a third party for the use and benefit of another, furnishes strong evidence of the maker's intention, but it is not evidence of a delivery.

4. GIFTS—*Delivery, When Not Necessary.*—There is no rule which prohibits a donor from constituting himself a trustee for the donee, and where the trust is expressed, no further delivery of the gift is necessary.

5. ADMINISTRATORS—*Not Incompetent as Witnesses.*—Independent of his office as administrator, if he has no interest in the subject-matter of the litigation and his testimony does not relate to matters growing out of his administration, but to affairs occurring between him and third persons, parties litigant should not be deprived of his testimony simply by reason of his accepting the office of administrator.

6. TRUSTS—*An Executed Trust Defined.*—An executed trust is one where the estate passes to the trustee at its creation.

7. SAME—*An Express Trust Defined.*—An express trust is one which is declared in the instrument creating it.

Administration of Estates.—Exceptions to a guardian's report. Appeal from the Circuit Court of Pike County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

WILLIAMS & COLEY, attorneys for appellant.

A. G. CRAWFORD, JEFFERSON ORR and J. W. STAUFFER, attorneys for appellees.

In February, 1898, A. L. Galloway, a resident of Pike county, Ill., and the owner of an estate valued at $100,000, died, leaving a widow, M. E. Galloway, and six children, three by a former wife and three by the widow, surviving. Two of the children, Milo and Mayo Galloway, were at the time minors. Appellee, R. T. Hicks, was, at the request of the widow, appointed administrator. Over $40,000 of the estate consisted of notes and mortgages. These Hicks proceeded to collect, and under the order of the County Court made distribution from time to time among the heirs.

On the coming in of Hicks' final report two grandchildren of the deceased filed exceptions to the report in which they claimed that the administrator should have inventoried and accounted for, as assets of the estate, one principal note for $5,000, with five coupon interest notes, executed April 12, 1897, by George Barber to A. L. Galloway as "trustee for Milo E. and Mayo L. Galloway," and one principal note for $500, with five interest coupons, executed October 30, 1895, by Arthur E. and Emma A. Hemphill, payable to A. L.

Galloway and by him assigned to "M. E. Galloway, for the use and benefit of Milo and Mayo Galloway."

The sole question submitted to the court below was whether the notes in question belonged to the estate or to the two minor sons, Milo and Mayo Galloway. In support of the contention that they belonged to the sons the testimony of Hicks, Mrs. Galloway, Milo Galloway, George Barber, A. J. Lovell, and Francis L. Zerinberg was offered and heard. The testimony of the three first named was heard, subject to the objection of the exceptors that they were incompetent to testify. Hicks testified that the deceased had $5,000 deposited in the bank of which Hicks was cashier; that the deceased told him he had given the money to his two boys, Milo and Mayo, and that George Barber desired to borrow it on real estate security; that deceased requested him to draw up a note and mortgage for that amount from Barber, payable to the boys, but that when he learned that the boys were minors he suggested to the deceased that the note and mortgage be made payable to the deceased as trustee for the boys, which was accordingly done, and the money paid to Barber after their execution.

Mrs. Galloway testified that her deceased husband told her that he had given the boys, Milo and Mayo, $5,000, and handed to her the Barber note and mortgage, saying that they belonged to the boys and for her to take care of them for them. She further testified that she saw him sign the indorsement on the back of the Hemphill notes, saying that he thereby gave it to the boys and instructing her to take care of it for them; that she took the notes and mortgages and placed them in a note case used by her and her husband for the purpose of preserving such papers, and that she there preserved them up to the time of her husband's death. Milo's testimony was in corroboration of his mother. The court, however, after hearing it, held the testimony of all three inadmissible.

Lovell and Zerinburg testified that the deceased told them he had given $5,000 to the boys and had loaned it to

Barber for them. Barber testified that deceased told him that the money loaned to him belonged to the boys.

The court held that the Barber note and mortgage belonged to the boys and that the Hemphill note belonged to the estate. From the order entered this appeal is prosecuted by one of the exceptors. Appellees assign cross-errors as to the order on the Hemphill note.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

The court below rightfully held that Milo Galloway was an incompetent witness to testify to matters occurring before the death of his father. He is directly interested as donee and is disqualified by section two of chapter fifty-one of the Revised Statutes.

Mrs. Galloway was incompetent to testify to matters or conversations occurring during her marriage with A. L. Galloway. Sec. 5, Ch. 51, Rev. Stat.; Reeves v. Herr, 59 Ill. 81; Goelz v. Goelz, 157 Ill. 33; Gillespie v. Gillespie, 159 Ill. 84.

Without their testimony there was not sufficient proof of the delivery of the Hemphill note to make the gift a valid one. The administrator found it in a note case with other notes belonging to the deceased. There is no competent evidence whatever to show that the deceased ever parted with his dominion over it. The indorsement made to Mrs. Galloway for the use and benefit of Milo and Mayo furnished strong evidence of A. L. Galloway's intention, but not evidence of delivery. The case of Taylor v. Harmison, 179 Ill. 137, is in point.

The Barber note rests upon an entirely different footing. In that case Galloway constituted himself a trustee of the gift and by his declaration and act changed his relation to it from that of owner to that of trustee. There is no rule of law that prohibits the donor from constituting himself a trustee for the donee, and in such case no further delivery is necessary, provided the trust be expressed.

We are of the opinion that the testimony of Hicks was admissible. Independent of his office as administrator he

had no interest whatever in the subject-matter of the liti-gation. His testimony did not relate to matters growing out of his administration, but to an affair which occurred between Galloway and a third party. What difference could it make to him whether the court should hold that the note belonged to the estate or to the boys ? The boys were the parties that were concerned in showing, if possible, that the gift intended by their father was complete, and if proof of that fact rested with Hicks they should not be deprived of it by reason of his accepting the office of ad-ministrator.

The testimony of Hicks, Lovell, Barber and Zerinburg clearly shows the intention of Galloway and that he sup-posed he had made the gift to the boys complete. Coupled with the language employed in the note we have no hesi-tancy in saying that here was proof of an executed and express trust. An executed trust is one where the estate passes to the trustee at its creation.

An express trust is one which is declared in the instru-ment creating it. A trust is created where no act is neces-sary to be done to give it effect. Galloway having the right, as we have held, to make himself trustee for his do-nees, had the right to retain manual possession of the note. No act was lacking, then, to make the trust a complete one.

The order of the court below will be affirmed.