### Emma Clark, Administratrix of the Estate of Dalton Clark, deceased, Appellee, v. O'Gara Coal Company, Appellant.

1. ABATEMENT—*what action survives.* An action for personal injuries instituted under the Mines and Miners Act survives the death of the plaintiff.

2. WITNESSES—*when widow incompetent.* A widow is incompetent in an action for personal injuries commenced by her husband in his lifetime and carried on after his death by his representatives, as to matters which occurred during the existence of the marriage relation.

3. INSTRUCTIONS—*impropriety of phrase "knowingly negligent" in action charging wilful violation of statute.* An instruction in an action for personal injuries instituted under the Mines and Miners Act which employs the phrase "knowingly negligent" is erroneous.

4. INSTRUCTIONS—*when upon credibility of witnesses erroneous.* An instruction is erroneous which tells the jury that they may disregard the testimony of any witness who has "knowingly testified untruthfully."

Action in case for personal injuries. Appeal from the Circuit

Court of Saline county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1907. Reversed and remanded. Opinion filed March 18, 1908.

M. S. WHITLEY and E. E. DENISON, for appellant.

JOHN L. THOMPSON, JAMES B. LEWIS and CHOISSER, CHOISSER & KANE, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Saline county, commenced by Dalton Clark, in his lifetime, against appellant to recover damages for a personal injury sustained by him, while engaged in the service of appellant as a "cager" in its mine; after the suit was commenced and before it was tried, he died from causes in no way connected with the injuries upon which his suit was based; his death was suggested; Emma Clark, as administratrix of his estate, was substituted as plaintiff, and was allowed by the court to continue the prosecution of the case. Trial by jury. Verdict and judgment in favor of appellee for $1,000.

The two counts of the declaration upon which the case was submitted to the jury, as abstracted by counsel for appellant in their statement, are as follows: "The first count charges that the defendant was operating a coal mine in Saline county, Illinois, and that Dalton Clark was employed as a cager in said mine; whose duties were to place cars loaded with coal upon the cages at the bottom of the mine; that the defendant wilfully permitted a large quantity of loose lumps of coal to be and accumulate at and near the edge of the top of its shaft at the lower landing; that by reason of such wilful failure of the defendant to comply with its said duty, the said Dalton Clark, while engaged in placing a certain loaded car upon the cage, was struck upon the left arm by a lump of coal of the weight of four pounds which fell from the said lower

landing to the bottom of the shaft, and his arm was thereby broken.''

''The second count charges the same employment of the plaintiff, and that the defendant wilfully failed to keep the lower landing at the top of its shaft securely fenced with automatic or other gates, so as to prevent materials from falling into said shaft; that by reason of said wilful failure, Dalton Clark was struck upon the left arm by a lump of coal which fell from said lower landing and his arm was thereby broken.''

Counsel for appellant contend that the cause of action did not survive the death of the intestate, and that the trial court erred in allowing the administratrix to be substituted as plaintiff, and in allowing her further to prosecute the suit.

Section 14 of the Miners Act, provides as follows: ''For any injury to, person or property occasioned by any wilful violation of this act or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any direct damages sustained thereby.'' Hurds, 1897, 1901. And section 122, chapter 3. Hurds, 1897, 129, provides: ''In addition to the actions which survive by the common law, the following shall also survive: * * * Actions to recover damages for an injury to the person. * * *'' This was an action commenced by the intestate in his lifetime to recover damages for an injury to his own person,—damages that had accrued to him in his lifetime. We are of opinion that this case clearly comes within the language, meaning and purpose of the statute, and that the trial court did not err in holding that the action survived the death of the intestate.

Counsel further contend that the trial court erred in refusing to direct the jury to find for appellant, for want of evidence to support the declaration. While there is a contrariety of evidence and as to some features of the case, a direct conflict, we are of opinion

that the evidence with the reasonable inferences deducible therefrom tends to prove every material requisite to a recovery under both counts of the declaration, and that the court did not err in refusing to direct a verdict.

The administratrix was the widow of the intestate and the court permitted her, over appellant's objection, to testify to material facts that occurred during his lifetime, while she was his wife. This was as much his suit within the meaning of the Evidence Act, when it was tried, after his death, as it was when he commenced it. The suit was commenced by the intestate for his own benefit and it survived for the benefit of his estate, and not for the benefit of the widow, or children or next of kin. She would not have been a competent witness to testify to the facts she did testify to, if the case had been tried in his lifetime and his death did not render her competent in this character of case. If the husband had died of the injury and she or any other administrator had instituted suit under the statute, to recover damages resulting from his death to the widow and next of kin, then she would have been a competent witness, for such suit would not be the husband's suit, nor would it be a suit for the benefit of his estate.

Section 5 of the Evidence Act provides: '' No husband or wife shall, by virtue of section 1 of this act, be rendered competent to testify for or against each other as to any transaction or conversation occurring during the marriage, whether called as a witness during the existence of the marriage, or after its dissolution,'' except  *  *  *  This case does not fall under any of the exceptions.

The words above quoted from section 5 of the Evidence Act, merely declare the common law as it was held in this state, before the adoption of section 1 of the act. Waddams v. Humphrey, 22 Ill. 661. ''And the principle is further preserved by adhering to the rule even after the marriage tie has been dissolved by

the death of one of the parties." Neubrecht v. Sant-meyer, 50 Ill. 74 (76). And the same rule applies where the marriage tie has been dissolved by divorce. Rea v. Tucker, 51 Ill. 110; Griffeth v. Griffeth, 162 Ill. 368. This rule is not limited to the confidential disclosures, but extends to all transactions, occurring during the marriage. Reeves v. Herr, 59 Ill. 81 (85). Where the administrator of an intestate is a party to a suit, the surviving widow of the intestate is, as a general rule, incompetent to testify either to "matters or conversations" occurring during the marriage. Yokem v. Hicks, 93 Ill. App. 667 (670). We are of opinion that the trial court erred in permitting the widow of the intestate to testify to material transactions and matters occurring during the marriage.

The court gave to the jury on behalf of the plaintiff fourteen instructions, and counsel for appellant challenge five of them: The first, second, third, ninth and twelfth. We are of opinion that the challenge is well taken as to the first, third and twelfth.

The first and third instructions tell the jury that if they believe from a preponderance of the evidence "that the defendant was knowingly negligent" as set up in the declaration, and that Dalton Clark was thereby injured, they should find the defendant guilty. Both counts of the declaration are based upon provisions of the statute which impose liability only for wilful violation of its requirements. The language "knowingly negligent," is to say the least misleading. The declaration is not based upon negligence, nor upon any state or case which does not require more than mere negligence. It is based upon a wilful violation of the statute, and negligence is not "set up in the declaration." It is argued by counsel for appellee that to be knowingly negligent with respect to the requirements of the statute is to be guilty of its wilful violation. However this may be in any particular case, still, the language used in the instruction would tend to confuse the issue, and mislead the jury.

The twelfth instruction is with respect to the credibility of witnesses, and tells the jury, in effect, that they may disregard the testimony of a witness if they believe from the evidence that he has "knowingly testified untruthfully." The jury may refuse to believe a witness as to a particular fact testified to by him, if they believe from the evidence that he is either mistaken as to such fact, or has testified untruthfully with respect thereto, but his testimony may not be disregarded to the extent of placing him in the class of impeached or uncreditable witnesses because he may have made an untruthful statement as to some particular fact, unless such untruthful statement was both wilfully and knowingly made, and was with respect to some matter or fact material in the case.

For the errors above noted, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*