(No. 13965.—Decree affirmed.)
OSCAR ZIMMER, Appellant, *vs.* LESLIE ELLSWORTH ZIMMER, Appellee.

*Opinion filed June 22, 1921—Rehearing denied October 7, 1921.*

1. EVIDENCE—*when grantor is not competent witness against heirs suing for partition.* In a suit brought by heirs for partition of the property of an ancestor, where a defendant files a cross-bill setting up a conveyance by warranty deed to himself, the grantor in such deed, who is a party to the suit, is not a competent witness against the heirs as to facts occurring before the death of the ancestor, as his covenants of warranty give him an adverse interest.

2. SAME—*husband is not a competent witness as to transactions with his wife except in suit between them.* Neither husband nor wife at common law can testify to communications and conversations occurring between them during coverture, and the incompetency continues after the marriage relation is severed either by divorce or death, and the proviso to section 5 of the Evidence act excepting suits between husband and wife is the only statutory exception to the common law rule.

3. DEEDS—*general rule as to mental competency where grantor is trustee.* In determining the question of the mental competency of a grantor to execute a deed to land which he had held as trustee ·for the grantee, the legal obligation to execute the trust and the power of the court to have required the deed to be executed either by him or by someone in his behalf should be considered, as in such case mental capacity sufficient to make a gift or conduct a business transaction with an adversary is not required.

4. PARTITION—*defendant to cross-bill cannot avail himself of defense not set up in answer.* The defendant to a cross-bill in a partition suit cannot avail himself of the defense that the cross-complainant got his title through a scheme to defraud creditors where such defense is not set up in his answer, even if such matter of defense should appear in the evidence.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

JESSE E. HOFFMAN, for appellant.

GREEN & PALMER, (WILLIAM G. PALMER, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Oscar Zimmer, with Daisy Zimmer, his wife, filed the bill in this case in the circuit court of Champaign county alleging that Sarah A. Zimmer at the time of her death owned in fee simple forty acres of land in that county; that she died intestate on February 6, 1916, leaving John F. Zimmer, her husband, and Oscar Zimmer, the appellant, Leslie Ellsworth Zimmer, the appellee, and Eva Wright and Avadenia Wood, her children and heirs-at-law, and praying that dower be assigned to the husband and the premises partitioned among the heirs. The bill also asked for the appointment of a receiver, for the purpose of taking charge of the land and borrowing money and redeeming the same from a foreclosure sale. The appellee, Leslie Ellsworth Zimmer, and John F. Zimmer, answered,

admitting the heirship and that a receiver should be appointed but denying that Sarah A. Zimmer owned the land at the time of her death. They alleged that she held the title to the land merely as trustee for the appellee, and on December 16, 1915, conveyed the same to John F. Zimmer by warranty deed and he took title thereto as trustee. The appellee filed a cross-bill, alleging that he was the owner of the premises described in the bill; that he bought the same in two tracts and paid the purchase money, and since the purchase had been in possession and received all the rents and income; that the two deeds were made to Sarah A. Zimmer as trustee for him; that on December 16, 1915, she deeded the land by warranty deed to John F. Zimmer as her successor in trust; that on March 30, 1917, John F. Zimmer by warranty deed conveyed all the premises to him, and that in the deed from Sarah to John F. Zimmer by a mistake of the scrivener the township, range and meridian of one tract were omitted and the land was described as "all the Kimbol 20.1/5 acres situated in the county of Champaign." The bill prayed for the removal of mistakes and errors in the description. The complainants in the original bill answered the cross-bill, denying that the appellee owned the premises in 1915, or that Sarah A. Zimmer held the title as trustee for him, or that he paid the purchase money for the two tracts or had been in possession and enjoyment of the premises. They denied that Sarah A. Zimmer in making the conveyance to John F. Zimmer intended that he should act as trustee for the appellee; alleged that she was not mentally competent to make the deed; admitted that her deed did not contain a correct description of the premises described in the original bill; averred that the deed was made as a voluntary settlement and gift, and pleaded the Statute of Frauds as to any oral agreement. A receiver was appointed by consent, and the issues raised by the bill, cross-bill and answer were referred to the master in chancery to take the evidence and report the same with his con-

clusions. The master took the evidence and returned the same with his conclusions that the appellee was the owner of the premises; that he purchased the property, one part from Jasper S. Hawkins and the other from Asa S. Chapman, trustee in bankruptcy, and paid the full consideration; that Sarah A. Zimmer held the title solely as trustee for the appellee and conveyed the land to John F. Zimmer on December 16, 1915, to be held by him in trust for the appellee, and afterward, on December 30, 1917, the grantee deeded the same to the appellee; that Sarah A. Zimmer did not own any of the land at her death; that she was mentally competent to make the deed when she made it, and that there was a latent ambiguity in the description of one of the deeds, which should be corrected. He recommended that the original bill should be dismissed and a decree entered as prayed for in the cross-bill. The cause was heard by the chancellor on exceptions to the report, which were overruled and the report was confirmed and a decree entered as recommended. Oscar Zimmer alone appealed from the decree.

John F. Zimmer was a witness before the master and his competency as a witness was challenged. The master reported that he was a competent witness for the complainant in the cross-bill but that the facts found were also proved by other evidence. He was not a competent witness against the appellant suing in the original bill and defending in the cross-bill as heir-at-law of Sarah A. Zimmer, because he had conveyed the land by warranty deed and was interested adversely by reason of his conveyance and his covenants of warranty, and as to much of his testimony he was not competent because of his relation to Sarah A. Zimmer, his wife. A considerable and material part of his testimony related to transactions with his wife and her directions about making the deed to him and for what purpose it was made. He testified that she conveyed to him as trustee for the appellee and wanted him to deed the land to the appel-

lee when he got it straightened out. Neither husband nor wife at the common law could testify to communications and conversations occurring between them during coverture, and that incompetency continued after the marriage relation was severed, either by divorce or death. The proviso to section 5 of the Evidence act leaves the common law in force except in suits or causes between husband and wife, and the testimony of John F. Zimmer cannot be considered. *Reeves* v. *Herr*, 59 Ill. 81; *Goelz* v. *Goelz*, 157 id. 33; *Geer* v. *Goudy*, 174 id. 514; *Sloan* v. *Sloan*, 184 id. 579; *Watts* v. *Sangamon County*, 212 id. 86; *Wickes* v. *Walden*, 228 id. 56; *Schreffler* v. *Chase*, 245 id. 395; *Thomas* v. *Anthony*, 261 id. 288.

Counsel for appellant in his argument summarizes his objections to the decree substantially as follows: (1) That the land covered by the cross-bill did not include all of the land described in the original bill; (2) that Sarah A. Zimmer was not mentally competent when she executed her deed; (3) that her conveyance was voluntary, and being a gift a court of equity would not correct or reform the deed; (4) that the title was placed in Sarah A. Zimmer to hinder, delay or defraud creditors.

We do not find in the record any support of the claim that there was any land the title to which was in Sarah A. Zimmer not claimed in the cross-bill, when the correction to which the appellee was entitled, if he owned the land, should be made as prayed for.

On the question of the mental competency of Sarah A. Zimmer to execute the deed to John F. Zimmer, it is to be considered that if she held the land in trust and the deed was made in execution of the trust there was a legal obligation to make it, and it was not a gift or a business transaction in the sense that she was required to have capacity to give away her property or to deal with an adversary. If she was a trustee, the deed which she made was one which a court would have required to be made either by her if

she was competent, or if she was incompetent by someone in her behalf. It was proved that about two years prior to its date she suffered a stroke of paralysis, which left her crippled in one leg and interfered with her walking about, and for several years she had been suffering from hardening of the arteries. A doctor who had treated her and saw her in her last illness, early in 1916, but who had not seen her for a year before that, gave an opinion that she was mentally incapable of understanding and doing ordinary business or taking care of herself in an important business transaction. The deed was made on December 16, 1915, and the same opinion as to her mental competency was given by other witnesses who were her acquaintances. The evidence that she understood the nature and effect of the transaction when the deed was executed was direct and satisfactory. She told the notary that she had read the deed or it had been read to her, and he asked her if that was the way she wanted it. She said that it was, and, pointing first to her husband and then to the appellee, said, "I want it to go there and then there," and said, "I want it to go to father and then to Ellsworth." Fifteen witnesses, including her banker, merchants and tradesmen with whom she had transacted business, testified that she was competent to understand and transact business of the character in question and to know and understand what she was doing when she executed the deed. The evidence supports the decree as to the question of mental competency.

On the question whether the conveyance was voluntary and a mere gift, it was proved by competent evidence, and not contradicted, that the appellee purchased the two tracts of land and paid for them. One tract was purchased of Jasper S. Hawkins for $1200, and a witness who drew the contract and also the deed to Sarah A. Zimmer testified that the appellee paid for the land and that some horses and a buggy belonging to him went into the trade and he had possession of the land after the purchase. Another witness

testified that he heard the contract, and the appellee put in the trade three driving horses, a buggy and some harness, and the balance was $925. The other tract was purchased at a sale by the trustee in bankruptcy of the estate of Homer C. Kimbol, and the trustee testified that he sold the Kimbol tract and it was bid off by the appellee and the ten per cent cash payment was made by him and his father. He had possession of that tract after the purchase. The evidence was clear that the deeds to the tracts were taken in the name of Sarah A. Zimmer by direction of the appellee, and that she had no interest in the land except to hold the title for him. The conveyance was not voluntary or made as a gift.

The further proposition insisted upon in argument is, that the deeds were made to Sarah A. Zimmer in an attempt on the part of the appellee to hinder, delay or defraud his creditors. The evidence for the appellee was that the deeds were so made because he was in business and required his mother to be surety for him in carrying on his business, and the master reported that the appellee did not cause the legal title to be taken in the name of his mother for the purpose of defeating creditors. That, however, was not an issue in the case, and no attention will be given to the question whether there were creditors or the intention of the appellee. The answer to the cross-bill did not allege that the title to the land was taken in the mother's name in order to defraud creditors. The appellant cannot avail himself of defenses not set up in his answer even if such matters of defense should appear in the evidence. *Crone* v. *Crone,* 180 Ill. 599; *Dorman* v. *Dorman,* 187 id. 154.

The decree is affirmed.                    *Decree affirmed.*