## Village of Princeville v. Frank C. Hitchcock.

1. COSTS—*Municipalities Not Liable.*—A city is not liable for costs in a prosecution under an ordinance. And this rule applies to an action of debt brought in a court of record to recover a penalty for the violation of an ordinance.

2. EXECUTIONS—*Against Municipalities.*—It is error to award an execution against a municipality.

3. INTOXICATING LIQUORS—*Proof Necessary to Recover in an Action of Debt for the Unlawful Sale of.*—Before a recovery can be had for the unlawful sale of intoxicating liquors under a declaration in an action of debt, charging such sale to have been to a certain person, it must be shown that the defendant or his agent sold the liquor to the person as alleged in such declaration.

4. EVIDENCE—*Failure of a Party to Testify or Produce Proof.*— When a party fails to produce proof apparently within his power, such failure is liable to produce an inference in the minds of the jury that the proof is not offered because it would be unfavorable to him, and sometimes it raises a strong presumption of law against him; but this presumption or inference does not arise unless the party willfully withholds such evidence. The rule does not apply where the omission is to call a witness who might equally as well have been called by the other party.

5. INSTRUCTIONS—*As to the Refusal of a Party to Testify.*—In an action of debt to recover a penalty for the violation of an ordinance, an instruction that "while the statutes of this State authorize a party to a suit to testify in his own favor he is under no obligation to do so, and if he fails to do so the jury have no right to infer from this fact alone anything prejudicial to such party and no intendment can be made against him because he does not testify in his own favor," is proper and should be given.

Debt, to recover a penalty for the violation of an ordinance. Appeal from the County Court of Peoria County; the Hon. R. H. LOVETT, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed April 18, 1902. Rehearing denied.

ARTHUR KEITHLEY, attorney for appellant.

ISAAC C. EDWARDS and JAMES A. CAMERON, attorneys for appellee; J. H. HOPKINS, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This was an action of debt brought by the village against Hitchcock in the County Court to recover penalties for violations of an ordinance. To an appropriate declaration setting out the ordinance and charging violations thereof by defendant, the latter pleaded *nil debet.* Defendant obtained a verdict and a judgment, and plaintiff appeals.

1. The judgment is that defendant recover his costs of plaintiff and have execution therefor. A city is not liable

for costs in a prosecution under an ordinance. (Anderson v. Schubert, 158 Ill. 75.) This rule applies to an action of debt brought in a court of record to recover a penalty for violation of an ordinance. (City of Monmouth v. Popel, 183 Ill. 634.) It is also error to award an execution against a municipality.

2. The ordinance forbade the sale of intoxicating liquors within the village, and forbade keeping places where such liquors are sold, and declared such places public nuisances. The declaration in four counts charged that defendant committed the nuisance of keeping such liquors for sale at a certain building in the village; and that he kept for sale and sold such liquors at said place. The twelfth instruction, given at defendant's request, stated that to entitle plaintiff to recover it was not enough that Oliver Owens did take whisky and deliver it to Peter Auten and Milton Hammer, but in addition to such facts, before plaintiff could recover, it must be shown that Owens purchased said liquor from defendant or his agent. Much of the proof related to the purchase of three bottles of whisky by Owens from defendant at different times, two of which bottles Owens delivered to Auten and one to Hammer; and if the instruction had said that before plaintiff could recover for these transactions it must be shown defendant or his agent sold the liquor to Owens, it would have been correct. But from several witnesses there was both direct and circumstantial evidence of other violations of the ordinance by defendant, besides the transactions concerning the three bottles of whisky. This proof related to other times and was uncontradicted, and was sufficient to have supported a verdict for plaintiff. The twelfth instruction practically withdrew this other proof from the jury, and was therefore erroneous.

3. Defendant did not testify. It is argued the court erred in giving the jury the sixteenth instruction for defendant which stated that while a party may testify in his own behalf he is not bound to do so, and if he does not the jury have no right to infer anything prejudicial to him from that fact alone, and no intendment should be made against

him because he did not testify in his own behalf. If a party fails to produce proof apparently within his power, and which naturally would be offered by him, this is liable to produce an inference in the minds of the jury that the proof is not offered because it would be unfavorable to him; and sometimes it raises a strong presumption of law against him. (Rector v. Rector, 3 Gilm. 105, 119; Mantonya v. Reilly, 184 Ill. 183; 1 Greenleaf on Evidence, Sec. 37; and W. & A. R. R. Co. v. Morrison (Ga.), 40 L. R. A. 84, where many cases on this subject are cited and discussed in the dissenting opinion.) Such presumption or inference does not arise unless the party willfully withholds such evidence. (Cartier v. Troy Lumber Co., 138 Ill. 533.) The rule does not apply where the omission is to call a witness who might equally well have been called by the other party. (Scovill v. Baldwin, 27 Conn. 316.)

Is this rule properly applicable to the failure of a party to a civil suit to testify in his own behalf, where he is competent to so testify ? It was so applied in Kirby v. Tallmadge, 160 U. S. 379; East v. Pace, 57 Ala. 521; Payne v. Crawford, 102 Ala. 387; Hegelbower v. Detreck, 27 W. Va. 16; McDonough v. O'Neil, 113 Mass. 92, and Cole v. L. S. & M. S. Ry., 81 Mich. 156, and 95 Mich. 77. In Weeks v. McNulty (Tenn.), 43 L. R. A. 185, it was held that the failure of a party to be examined as to matters necessarily within his personal knowledge affords a presumption against him, where the proof is not clear, and the case he seeks to make could be proved by him if true; but that as it was not shown there were any facts connected with the case peculiarly within his knowledge and which were not known as fully to any other witness, it was not error to charge the jury substantially as was done in the case before us by the sixteenth instruction. (Thompson v. Davitte, 59 Ga. 473.) But in Lowe v. Massey, 62 Ill. 47, our Supreme Court refused to apply this presumption to the failure of a party to a civil suit to testify in his own behalf, and gave at length the reason for so holding. This was again announced in Moore v. Wright, 90 Ill. 470. Our attention is

not called to any case wherein the doctrine announced in Lowe v. Massey, *supra*, has since been modified or changed in this State. Whatever the general trend of judicial decision elsewhere, we feel bound to follow that authority, and to hold that it was not error to give the sixteenth instruction in a civil cause. We have therefore deemed it unnecessary to determine whether this should be considered in effect a criminal prosecution, and governed by the rules of evidence applicable to such a cause. Poyer v. Village of Des Plaines, 123 Ill. 111; Robson v. Doyle, 191 Ill. 566.

The instruction given at defendant's request which required plaintiff to prove its case by a clear preponderance of the evidence does not state too strongly the burden which the law casts upon the plaintiff in a suit of this character. This record does not present the question whether a higher degree of proof is required.

The judgment is reversed and the cause remanded for a new trial.