JOHN P. SHEA, Plaintiff-Appellant, v. CIVIL SERVICE COMMISSION OF THE STATE OF ILLINOIS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—90—1098

Opinion filed December 27, 1991.

---

John M. Tira, of Tira & Tira, of Coal City, for appellant.

Roland W. Burris, Attorney General, of Springfield (Susan Frederick Rhodes, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff John Shea appeals from an order of the circuit court affirming the Civil Service Commission's (Commission's) decision to discharge him from his employment with the Illinois Department of Revenue (Department). Mr. Shea contends that the court erred in affirming the Commission's decision. We agree.

On December 13, 1988, Cathy Shea, the ex-wife of John Shea, a revenue collections supervisor, pled guilty to felony theft over $10,000. Cathy acknowledged embezzling approximately $250,000 from her former employer, Pendry Labor Publications, over a nine-year period. (She was married to John during eight of the years in-

volved.) Cathy denied any knowledge or involvement by John Shea in her criminal activities.

John reported the charges against his ex-wife to his superior at the Department. Shortly thereafter, the Department began a full-scale investigation into John, culminating in four charges being filed, and John ultimately being dismissed.[1] The Department initially charged John with three counts of interfering with an official investigation, with failure to comply with State tax laws, with falsification of an employment application, and with failure to obtain approval for outside employment. A hearing was held in May 1989, and on July 19, 1989, the Commission adopted the decision of the hearing officer and found that the charges proven against John warranted his discharge. However, the Commission did determine that not all charges against John had been proven. It found John guilty of only one count of interference with an official investigation, rather than three. It also determined that the falsification of employment application charge had not been proven. Thus, the Commission's final decision was based on one count of interference with an official investigation, failure to comply with State tax laws, and failure to obtain approval for outside employment.

The circuit court affirmed the decision of the Commission to dismiss John. However, it determined that the charge of failure to comply with State tax laws had not been proven. Thus, its decision was based only on interference with an official investigation and failure to obtain approval for outside employment.

On appeal, John argues that the decision of the Commission as to findings of fact is contrary to the manifest weight of the evidence. (The scope of judicial review of an administrative agency's findings of fact is limited to determining if they are against the weight of the evidence. (See *Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1981), 85 Ill. 2d 547, 426 N.E.2d 885).) In support of this argument, John first maintains that the Commission's decision that he failed to comply with tax laws is against the weight of the evidence. John argues that even though over $164,000 of unreported income was deposited in the couple's joint checking account, he was never aware of his wife's illegal activities, he never wrote more than a few checks on the account during the years at is-

---

[1] While it does not affect our resolution of the issues at bar, we nevertheless note that Shea was criminally charged with income tax evasion and with filing a fraudulent Illinois income tax return. These cases were dismissed pursuant to a directed finding.

sue, and his wife managed all household finances and prepared all papers for the accountant who filed the joint tax return for the couple. John also argues that according to statutory authority (Ill. Rev. Stat. 1987, ch. 120, par. 9—904), an initial determination of tax deficiency must be made by the Department and not the Commission. These statutory provisions also provide a comprehensive framework for determining the amount of tax due to the State of Illinois, as well as procedures for collecting said taxes, and guaranteeing certain rights to the taxpayer to challenge the assessment.

The Commission responds to this argument by stating it is not really making a determination of a tax deficiency, but only deciding that John had not included all of his income on his tax returns. Furthermore, the Commission argues that the real issue is not what John knew of his wife's activities as regards the joint account, but what he should have known. Considering John's status as a revenue collections supervisor, the Commission found that he should have been aware of the considerable amounts of unreported income which maintained his lifestyle. On this basis it determined that John had failed to comply with tax laws.

In his analysis of this issue, the trial judge focused on the procedure used by the Commission to determine that John had violated State tax laws. He noted that prior to John's discharge hearing, the Department had not made a determination regarding the sufficiency or lack of sufficiency of the Sheas' income tax returns for the years at issue. "No notice of deficiency had ever been filed against the Sheas. No state liens for insufficient payment had ever been filed against them. No hearing or inquiry under the Revenue Code had ever been conducted. No appeal rights had ever been waived because no claim of tax shortage had been made against the Sheas." The trial court concluded that because the Department had sought to establish a tax delinquency by proceeding through the Commission, it had acted outside the prescribed statutory procedures. For these reasons, it reversed the Commission's finding that John had failed to comply with State tax laws.

██ We agree with the trial court's analysis of the failure to comply charge. Even though the Commission argues that it did not make a deficiency determination, such a determination is impliedly part of its reason to charge John with failure to comply. Since statutory authority provides that the Department and not the Commission must in the first instance make the deficiency determination, the Commission's decision as to this factual finding is in error and must be reversed.

■ John also argues that the hearing officer erred by allowing into evidence the hearsay statements contained in the report of Investigator Medveskas. The Department's first charge against John was that he interfered with an official investigation. As support for this charge, the Commission considered the testimony of Investigator Medveskas (the Department investigator) that: (1) Cathy had told her that John had advised her to destroy all bank records in her possession, and further (2) John had acknowledged to Officer Medveskas in an informal conversation that he had so advised his wife. The Commission also considered, as John alleges, Officer Medveskas' official report which parallels her in-court testimony. The Commission also considered John's in-court testimony that he never told his wife to destroy the records, as well as sworn affidavits from Cathy, who did not testify at trial. Even assuming that Medveskas' official report is hearsay, as it is not an official business record, the hearing officer did not admit the report for the truth of the matter asserted, but only to show John's state of mind when he withdrew his consent to have the bank release his records to the Department. Although the investigator's testimony as to what Cathy said is hearsay, this objection was not made at trial. The investigator's testimony as to what John said is not hearsay as it constitutes a statement against interest. Thus, as the trial court found, the hearing officer had valid admissible evidence going in each direction as to this charge and was entitled to rely on the credibility of the Department investigator, rather than that of John. For this reason, it affirmed the finding of the hearing officer that John had in fact interfered with an official investigation by advising his wife to destroy records. We find no reason to do otherwise.

■ John next argues that the decision to discharge him for cause was arbitrary, unreasonable, and unrelated to the requirements of employment. Unlike findings of fact, agency determinations of cause for discharge are not considered *prima facie* true and correct and are subject to full judicial review. See *Brown v. Civil Service Comm'n* (1985), 133 Ill. App. 3d 35, 478 N.E.2d 541.

■ In support of its contention that John's discharge was reasonable, the Department cites case law which supports its authority to determine in the first instance the sanction to be imposed for employee misconduct. (See *Holliday v. Civil Service Comm'n* (1984), 121 Ill. App. 3d 763, 460 N.E.2d 358 (in which a Department of Revenue employee's discharge for conflict of interest was affirmed on appeal); see also *Guzell v. Civil Service Comm'n* (1974), 17 Ill. App. 3d 266, 308 N.E.2d 351 (in which a Department of Revenue employee was discharged for accepting $3 from a taxpayer to change a tax return.

This discharge was also upheld on appeal).) While the reviewing court did affirm the Commission's discharge determinations in both of these instances, it also affirmed all factual findings supporting the discharge. Since we do not affirm all the Commission's factual findings in the case at bar (most notably the failure to comply finding), the persuasiveness of the cited authority diminishes.

In its consideration of whether the two remaining findings would support discharge, the trial court noted that the failure to obtain prior approval for a one-time, eight-year-old consulting job was a "nonsensical eight year old charge about not disclosing" that would never support discharge. However, the trial court concluded that this charge coupled with the interfering with an investigation charge, which it likened to an obstruction of justice charge, would be sufficient to support the Commission's decision. We cannot agree. Instead we find that because only two of the Commission's factual findings have been affirmed, the Commission itself should be given the opportunity to make a new determination as to cause in light of the revised factual findings. We thus reverse on the issue of cause.

■ John also maintains that the decision of the Commission violates his rights under the first, fifth, and fourteenth amendments. Although John presented these issues in his trial court brief, none of them were raised during argument before the trial court or addressed in the trial court's opinion. Furthermore, John's arguments as to the fourteenth amendment violations contain no cited authorities, as required by Supreme Court Rule 341(e)(7) (87 Ill. 2d R. 341(e)(7)). In *Holliday v. Civil Service Comm'n* (1984), 121 Ill. App. 3d 763, 460 N.E.2d 358, the appellate court refused to consider an appellant's arguments which were not supported by authority. This court shall do likewise.

Although John does cite authority for his other two constitutional arguments, neither of them has merit. John contends that his first amendment rights were violated by the Department rule requiring him to obtain approval for outside employment because the employment was political in nature. However, this argument fails because the charge against John was not that he participated in political activity, but that he violated the Department rule requiring approval for outside employment. It was the violation of the Department rule and not the nature of the outside activity which gave rise to the Department's charge. Finally, although John argues that his fifth amendment rights against self-incrimination were violated, such is not the case. The trial court in a civil case may draw negative inferences from a litigant's refusal to testify.

Accordingly, for the aforementioned reasons, the decision of the trial court affirming the Commission's determination to discharge John is reversed. The cause is remanded to the Commission with directions to reconsider its decision in light of our revised factual findings.

Reversed and remanded with directions.

LORENZ, P.J., and MURRAY, J., concur.