SIXTH DIVISION

December 14, 2001

No. 1-01-1045

SUSAN NASRALLAH,

Plaintiff-Appellee,

v.

SALVADOR DAVILLA,

Defendant-Appellant.

)))))))))

Appeal from the

Circuit Court of

Cook County

Honorable

BARBARA A. McDONALD

Judge Presiding.

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

Following a jury trial, plaintiff, Susan Nasrallah, was awarded $11,990.20 in damages for injuries sustained in an automobile accident involving plaintiff and defendant, Salvador Davilla.  Defendant now appeals from the judgment entered on the jury verdict and the order denying its posttrial motion.  We reverse and remand.

Defendant raises two issues on appeal.  The first issue is whether the trial court improperly denied defendant’s motion for substitution of judge as a matter of right.  The second issue is whether the trial judge improperly gave IPI Civil 3d No. 5.01 (Illinois Pattern Jury Instructions, Civil, No. 5.01 (3d ed.1995) (hereinafter IPI Civil 3d)) to the jury.

I. Substitution of Judge

The first issue raised by defendant on appeal is whether the trial court improperly denied defendant's motion for a substitution of judge.  Section 2-1001 of the Code of Civil Procedure provides, in pertinent part:

“(a) A substitution of judge in any civil action may be had in the following situations:

* * *

(2) Substitution as of right.  When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

(i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties."  735 ILCS 5/2-1001(a)(2) (West 1998).

Where these minimal requirements are met, a party's right to substitution of judge without cause is absolute. 
In re Dominique F
., 145 Ill. 2d  311, 318-19, 583 N.E.2d 555 (1991).

In its written order denying defendant’s posttrial motion, the trial court stated that it denied the motion for substitution of judge for two reasons: (1) the court had made and indicated substantial rulings in the case; and (2) the court believed the motive for the motion was delay.

 The substantial rulings identified by the court at the time it denied the motion for substitution of judge were the setting of the treating physician’s testifying fee and the court’s statement that since the appellate court rendered its decision in 
Perkins v. Harris
, 308 Ill. App. 3d 1076 (1999), the court generally awarded such fees incurred in connection with evidence depositions as taxable costs.

A trial court has no discretion to deny a proper motion for substitution of judge as of right. 
In re Dominique F.
, 145 Ill. 2d  at 319, 583 N.E.2d at 558.  The issue of whether there was a ruling on a substantial issue in the case is a question of law.  
Rodisch v. Commacho-Esparza,
 309 Ill. App. 3d  346, 350, 722 N.E.2d 326, 329 (1999).  Thus, our review is 
de novo
.  
Lucas v. Lakin
, 175 Ill. 2d  166, 171, 676 N.E.2d 637 (1997).

A ruling is considered substantial when it is directly related to the merits of the case.  
Bonnie Owen Realty, Inc. v. Cincinnati Insurance Co.
, 283 Ill. App. 3d 812, 821, 670 N.E.2d 1182 (1996).  The trial court indicated in its written order that because the treating physician’s testifying fee was so much compared to the damages sought in the case, it must be substantial.  This conclusion is erroneous.  The trial court’s ruling on the evidence deposition fee did not relate to the merits of the case.  A motion for substitution of judge must be granted where the trial court has not “ruled on any substantial issue in the case.” 735 ILCS 5/2-1001(a)(2) (West 1998).  There is an exception where the movant “had an opportunity to test the waters and form an opinion as to the court's reaction to his claim” (
In re Marriage of Petersen
, 319 Ill. App. 3d  325, 338, 744 N.E.2d 877, 887 ( 2001)); however, that is not the case here.  The ruling setting the evidence deposition fee did not go to any question of evidence to be admitted or indicate any inclination of the judge toward the merits or disposition of the case.  The ruling in no way implicated the rights of the parties at trial.

Although the order denying defendant’s motion for substitution of judge indicates that the reason the motion was denied was because of the decision regarding the evidence deposition fee, the court indicated in its order denying defendant’s posttrial motion that, upon further reflection, the fact that the court had allowed plaintiff additional time for the answering of Rule 213 (155 Ill. 2d R. 213) interrogatories constituted yet another substantial ruling.  We disagree.

In 
Frede v. McDaniels
, 37 Ill. App. 3d 1053, 1055, 347 N.E.2d 259 (1976), the court explained that even though a pretrial conference necessarily involved certain aspects of the merits of the case, no rulings were made on substantive issues where the judge set dates for answering interrogatories and responding to a motion for summary judgment.  Here, even though faulty Rule 213 responses, or no Rule 213 responses at all, could lead to a witness being barred from testifying as to certain evidence, allowing additional time to answer interrogatories did not indicate how the judge might rule, when and if presented with a motion to bar, based upon nondisclosure in Rule 213 interrogatories.  In the instant case, defendant's motion complied with the statutory requirements and the court made no substantial rulings prior to defendant’s motion.

The statutory right of substitution of judge is to be liberally construed. 
Sahoury v. Moses,
 308 Ill. App. 3d  413, 414, 719 N.E.2d 1157, 1158 (1999).  The reasoning behind the principle that a timely and properly filed petition confers a mandatory right for substitution of judge which the trial court has no discretion to deny is that one should not be compelled to plead his cause before a judge who is prejudiced, whether actually or only by suspicion. 
In re Marriage of Abma,
 308 Ill. App. 3d  605, 610, 720 N.E.2d 645, 649 (1999).  Nonetheless, an exception to this absolute right to a substitution of judge has been recognized where it is shown that the motion was made simply to delay or avoid trial. 
Sahoury v. Moses,
 308 Ill. App. 3d at 414, 719 N.E.2d at 1158.

The trial court indicated that the motion was made with a dilatory motive because it was brought so close to the trial date.  No other evidence was offered, nor was any in the record.  Furthermore, plaintiff did not raise the issue of delay in her response to defendant’s motion.  There is nothing to indicate that the motion was filed solely to delay or avoid trial.  Indeed, in the instant case the true motive was abundantly clear.  Defense counsel did not want to try this case, or any other case, before the trial judge.

Even though the present case was pending for some time before the trial judge, the motion for substitution was brought along with many other motions for substitution as a pattern and practice of not trying cases before this trial judge.  As shown in the transcript of defendant’s motion for a new trial, defense counsel presented evidence that, as a matter of course, defense counsel asked for a substitution of judge from this trial judge on a regular basis beginning on September 1, 2000.  Two motions were granted four days before trial, one motion three days before, one motion two days before, and one motion was granted the day before trial.  In fact, on the date that defendant’s motion was denied in this case, the trial judge granted five other motions for substitution of judge as a matter of right to defense counsel’s firm, including one case scheduled to be tried seven days from that date and another case scheduled to be tried on the same date as the present case.

The trial court acknowledged these other cases but nonetheless concluded that the other cases, being considerably newer, were not nearly as likely to go to trial on the date set because older cases set on the same day would be given priority.  The present case, on the other hand, had eight prior trial dates and was set as a priority trial.  While it may be true that the substitution of judge in this case may very likely have 
resulted
 in a delay, the consideration before the court was whether that delay was the 
motive
 for the motion.  As we have explained, delay was not the motive.  Rather, defense counsel’s sole motive was that he did not want to try 
any
 cases before this trial judge.

In view of the above, the trial court was required to grant the motion for substitution of judge and its refusal to do so was reversible error.  Although this conclusion suffices as a basis for reversal and remand for a new trial before a different judge, we shall address defendant’s remaining issue since it is likely to occur upon remand.

II. Denial of Jury Instruction

Defendant’s second contention of error relates to the court's allowance of the “missing witness” instruction.  The instruction, IPI Civil 3d No. 5.01 (Illinois Pattern Jury Instructions, Civil, No. 5.01 (3d ed.1995)) provides as follows:

"If a party to this case has failed [to offer evidence] [to produce a witness] within his power to produce, you may infer that the [evidence] [testimony of the witness] would be adverse to that party if you believe each of the following elements:

1.  The [evidence] [witness] was under the control of the party and could have been produced by the exercise of reasonable diligence.

2. The [evidence]  [witness] was not equally available to an adverse party. 

3. A reasonably prudent person under the same or similar circumstances would have [offered the evidence] [produced the witness] if he believed [it to be] [the testimony would be] favorable to him.

4. No reasonable excuse for the failure has been shown."

We first explain the standard of review that applies to our determination of defendant’s second contention of error.  The decision whether to give IPI Civil 3d No. 5.01, as is the case with all jury instructions, lies within the sound discretion of the trial court. 
Taylor v. Kohli
, 162 Ill. 2d 91, 97, 642 N.E.2d 467, 469 (1994);
 Simmons v. University of Chicago Hospitals & Clinics
, 162 Ill. 2d  1, 7, 642 N.E.2d 107, 110 (1994). That decision will not be reversed absent a clear abuse of discretion.
 Simmons
, 162 Ill. 2d at 7, 642 N.E.2d at 110.
  “An abuse of discretion occurs where no reasonable person would agree with the position adopted by the trial court. " 
Schwartz v. Cortelloni
, 177 Ill. 2d 166, 176, 685 N.E.2d 871, 876 (1997).  “It is important to remember that the role of a reviewing court is not to substitute its judgment for that of the trial court or even to determine whether the trial court exercised its discretion wisely.” 
Woolverton v. McCracken
, 321 Ill. App. 3d  440, 445, 748 N.E.2d 327, 331 (2001).  Moreover, a reviewing court will reverse and grant a new trial based on a trial judge’s error in instructing the jury only when the error resulted in prejudice to the appealing party. 
Wilkerson v. Pittsburgh Corning Corp
., 276 Ill. App. 3d 1023, 1030, 659 N.E.2d 979, 984 (1995).

Defendant has presented three separate arguments on appeal in support of his contention that IPI Civil 3d No. 5.01 was wrongly given which can be summarized as follows: that IPI Civil 3d No. 5.01 does not apply to the failure of a party to a civil suit to testify in his own behalf, that parts three and four of the four-part test of IPI Civil 3d No. 5.01 have not been met, and that IPI Civil 3d No. 5.01 should not have been given because defendant’s testimony was merely cumulative.  We shall address each argument separately.

A.  IPI 5.01 Does Not Apply to the Failure of a Party to a Civil Suit to Testify 

In His Own Behalf

 Defendant argues that the trial court abused its discretion in giving IPI Civil 3d No. 5.01 by disregarding binding Illinois case law.  Specifically, citing 
Ronan v. Rittmueller
, 105 Ill. App. 3d  200, 207, 434 N.E.2d 38, 44 (1982), defendant asserts that the presumption or inference against a party failing to produce proof within his power does not apply to the failure of a party to a civil suit to testify in his own behalf.  Defendant has failed to show how the trial court ignored 
Ronan
.  Rather, as the trial court specifically explained in its written order, 
Ronan
 was distinguishable.  We agree with the trial court.

  Here, plaintiff wanted to call defendant and had served defendant with a notice pursuant to Supreme Court Rule 237 (166 Ill. 2d R. 237).  Defendant did not testify at trial and also admitted negligence.  In 
Ronan
, the trial court stated:

“It has long been the law in Illinois that the presumption or inference against a party failing to produce proof apparently within his own power does not apply to the failure of a party to a civil suit to testify in his own behalf. [Citation.] There are other motives that may influence a party to forego becoming a witness in his own behalf than the consciousness that the facts within his knowledge would be damaging if disclosed and the presumption that testimony would have been prejudicial to the parties' case arises only when that party has willfully withheld such evidence.” 
Ronan v. Rittmueller
, 105 Ill. App. 3d  200, 207-08, 434 N.E.2d 38, 44 (1982).

But as the trial court explained, unlike the facts in 
Ronan
, and unlike the facts in 
Village of Princeville v. Hitchcock
, 101 Ill. App. 588, 591-92 (1902), which was the case relied upon by the 
Ronan
 court, defendant here did not simply choose not to testify in his own case in his own behalf.  Instead, in not testifying, defendant failed to comply with plaintiff’s Rule 237 notice to compel the appearance of defendant at trial.  Thus, we are not merely dealing with a party who chose not to testify in his own behalf but instead a party who willfully failed to appear in response to plaintiff’s formal request that he appear to testify in plaintiff’s case.

In asserting that “[t]he trial court abused its discretion in disregarding binding Illinois case law” and also that “there was no willful withholding of [defendant's] testimony,” defendant fails to acknowledge and does not directly address the distinction noted by the trial court.  As the trial court explained, the instant case did involve a willful withholding of evidence as a result of defendant's failure to appear pursuant to Rule 237.  Where there is a wilful withholding of evidence after the opposing party provides a notice to produce such evidence, as here, the adverse presumption arises.
 
See
, e.g., Estate of Whittington v. Emdeko National Housewares, Inc.
, 96 Ill. App. 3d  1007, 1014, 422 N.E.2d 26, 32 (1981), citing 
Haynes v. Coca Cola Bottling Co. of Chicago
, 39 Ill. App. 3d 39, 350 N.E.2d 20 (1976), citing 
Village of Princeville v. Hitchcock
, 101 Ill. App. 588 (1902).  This conclusion comports with the principle that, in a civil proceeding, unlike a criminal proceeding, a party is required to testify or suffer the consequences such that if a party refuses to testify, the trier of fact may draw negative inferences against the party.
 People v. Bell
,  296 Ill. App. 3d 146, 153, 694 N.E.2d 673, 679 (1998), citing 
Baxter v. Palmigiano,
 425 U.S. 308, 318, 47 L. Ed. 2d 810, 821, 96 S. Ct. 1551, 1558 (1976); see also 
Shea v. Civil Service Comm'n
, 224 Ill. App. 3d 282, 287, 586 N.E.2d 512, 516 (1991) (“The trial court in a civil case may draw negative inferences from a litigant's refusal to testify”).

Defendant acknowledges, but offers his own interpretation of the effect of, his Rule 237 violation. Supreme Court Rule 237(b) provides in pertinent part:

"The appearance at the trial of a party or a person who at the time of trial is an officer, director, or employee of a party may be required by serving the party with a notice designating the person who is required to appear.  * * *  Upon a failure to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate."  166 Ill. 2d R. 237(b).

Defendant asserts that because he did not appear at trial, he admitted negligence, knowing that the most common sanction for failure to appear at trial for a Rule 237 violation is that the question of negligence is directed against the missing defendant.  Defendant acknowledges that Supreme Court Rule 237 allows for any sanction under Supreme Court Rule 219(c).  Defendant argues, however, that nowhere in Rule 219(c) (166 Ill. 2d R. 219(c)) is the option of giving IPI Civil 3d No. 5.01.  We find this interpretation unavailing.

Where counsel presents his adversary with a Rule 237 notice to produce, he has the right to assume that his opponent will comply. 
Bianchi v. Mikhail,
 266 Ill. App. 3d  767, 776, 640 N.E.2d 1370, 1376 (1994).  Pursuant to Rule 237(b), “[u]pon a failure to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate.” 166 Ill. 2d R. 237(b).  The remedy for noncompliance with Rule 237(b) is within the sound discretion of the trial court. 
Cohn v. Northern Trust Co.
, 250 Ill. App. 3d 222, 621 N.E.2d 132 (1993).  Just as the giving of an adverse inference instruction as found in IPI Civil 3d No. 5.01 is an approved remedy for a party's failure to produce documents (
Buehler v. Whalen
, 70 Ill. 2d 51, 374 N.E.2d 460)(1977);
 Cohn v. Northern Trust Co.
, 250 Ill. App. 3d  222, 621 N.E.2d 132(1993)),  we believe the instruction was an appropriate remedy under the facts of the present case.

Where a plaintiff requires testimony of a defendant who failed to appear after proper notice, a presumption of liability arises, and it is within the trial court’s discretion to enter a sanction of default judgment.
 Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Story
, 218 Ill. App. 3d  829, 578 N.E.2d 1129 (1991).  Here, defendant admitted liability, and no default judgment was necessary.  Nonetheless, the same authority that allows entry of default allows a trial court to give IPI Civil 3d No. 5.01.  Although the trial court indicated that its decision to give IPI Civil 3d No. 5.01 was not intended as a sanction, we believe that, under the circumstances of the present case, where defendant willfully failed to comply with plaintiff’s Rule 237 notice, the trial court would not have abused its discretion in allowing IPI Civil 3d No. 5.01 as a sanction.

B.  Parts Three and Four of the Four-Part Test of IPI Civil 3d No. 5.01 

Defendant also contends that parts three and four of the four-part test of IPI Civil 3d No. 5.01 have not been met.  The third part of the four-part test of IPI Civil 3d No. 5.01 is whether a reasonably prudent person would have called the witness if he believed the testimony would be favorable to him.  With regard to testimony as to the force of the impact, clearly testimony from defendant that would minimize the force of the impact might help to undermine plaintiff's damages claim.  Thus, a reasonably prudent person would have called defendant if he believed that his testimony on force of impact would have been favorable to minimizing the force of impact.  Here, however, we have the unique situation where both parties were aware that defendant had 
already
 stated at arbitration that the impact was “an impact a little bit that strong.”  As the record below indicates, although a stipulation by the parties may have alleviated this situation, no stipulation was made.  Although it is not clear whether defendant's vague testimony would have been favorable to either party's case, we cannot say that the trial court abused its discretion in determining that part three of the test was met.

Contrary to defendant's assertion, part four of the test has been met because no reasonable excuse for the failure to produce defendant was shown to the court.  While the record contains allusions to the fact that defendant was suffering from depression and that defense counsel were apparently attempting to obtain an affidavit, it is undisputed that no affidavit was forthcoming.  Now, on appeal, for the first time, defendant contends that a translator would have been required and the expense of the interpreter was a reasonable excuse for not producing defendant.  However, we have already explained that this case, unlike 
Ronan
, does not involve a party who chose not to testify in his own behalf (and presumably would have had to incur the expense of a translator, if necessary).  Here, defendant failed to appear in response to plaintiff's Rule 237 notice to compel.  In the context of complying with plaintiff's notice, “Rule 237 simply requires that a witness 'appear,' * * *  there is no provision that the witness provide an interpreter, if one is necessary.” 
West Bend Mutual Insurance Co. v. Herrera, 
292 Ill. App. 3d  669
, 675, 686 N.E.2d 645, 649 (1997).  Moreover, defense counsel never claimed before the trial court that the reason for the nonappearance was the expense of the interpreter.  Thus, this novel argument of defendant regarding the cost of an interpreter, first presented on appeal, although it does not constitute a reasonable excuse, has been waived.

C.  IPI Civil 3d No. 5.01 Should Not Have Been Given Because Defendant’s 

Testimony Was Merely Cumulative.    

On appeal, defendant contends that IPI Civil 3d No. 5.01 should not have been given because defendant’s testimony was merely cumulative.  Our review of the record reveals that this argument was not raised before the trial court.
(footnote: 1)  An argument not raised in the circuit court is generally considered waived for purposes of appeal. 
Snow v. Dixon
, 66 Ill. 2d  443, 453, 362 N.E.2d 1052 (1977).  Plaintiff has not addressed defendant’s argument, nor has plaintiff contended the issue is waived.  Although waiver is a limitation on the parties, not upon the jurisdiction of the reviewing court (
Herzog v. Lexington Township
, 167 Ill. 2d  288, 300, 657 N.E.2d 926 (1995)), we nonetheless conclude that defendant has waived this argument.

In view of the foregoing, although the trial court did not abuse its discretion in giving IPI Civil 3d No. 5.01, because the trial court erred in denying defendant's timely motion for a substitution of judge as of right, we reverse and remand this cause for a new trial before a different judge.

Reversed and remanded.

O'BRIEN and O'MARA FROSSARD, JJ., concur.

FOOTNOTES
1:
We base this observation on our review of the transcript of the hearing on the posttrial motion and the trial court's written memorandum order and opinion.  Although the transcript of the hearing on defendant's posttrial motion indicates it was in writing, the record on appeal contains no copy of defendant's posttrial motion.