SIXTH DIVISION
 May 17, 2002

Nos. 1-01-3676, 1-01-3695, 1-01-3710 (consolidated)

MARIA PARTIPILO,

 Plaintiff-Appellant,

 v.

FRANK PARTIPILO,

 Defendant-Appellee. | |)))))))))))
 | |
Appeal from the
Circuit Court of
Cook County

Honorable
Jeffrey J. Lawrence,
Judge Presiding.
 | |

 PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:
 Maria Partipilo appeals from numerous rulings of the trial court
involving dissolution of marriage proceedings initiated by Frank Partipilo.
 Maria essentially makes two contentions on appeal, namely, that (1) the
trial court improperly denied her motions for substitution of judge as of
right and for cause, and (2) the court erred in ruling that the Partipilos'
divorce could proceed prior to the resolution of Maria's other claims
against Frank. For the reasons that follow, we affirm the trial court's
rulings.
 The Partipilos married in 1962 in Italy. The contents of the 19-
volume record reveal the acrimonious and prolonged nature of the
Partipilos' divorce case and the numerous proceedings that have preceded
this
appeal. In December 1998, Frank filed a petition for dissolution of
marriage in case number 98 D 20652 (hereinafter, the divorce case). The
Partipilos each had an ownership interest in F&V Cement Contractors, Inc.,
which Maria incorporated in March 1975 and which performs cement and paving
work for the City of Chicago, among other accounts. In August 1999, Maria
moved to add additional parties to the divorce proceedings, namely,
Bernardina Barbenente, who is the Partipilos' daughter and an employee of
F&V Cement and owner of Amigo Landscaping, Inc., and Barbara Hendricks, an
employee of F&V Cement. Maria alleged that Frank and the two women
diverted funds from F&V Cement into Amigo Landscaping (which was
involuntarily dissolved in 1998) and also diverted other marital assets.
Frank moved to strike and dismiss Maria's motion, arguing that Maria must
bring any tort claims against Barbenente, Hendricks and Amigo Landscaping
in a separate court, not by way of the divorce case. In December 1999,
Judge Lawrence deferred ruling on Maria's motion to add additional parties.
 The divorce case was set for trial in July 2001.
 In April 2001, Maria filed No. 01 CH 6280 against Frank, Barbenente,
Barbenente's minor son, Hendricks, Amigo Landscaping and, derivatively, F&V
Cement. In a complaint spanning more than 300 pages,[1] Maria stated she
was the sole shareholder of F&V Cement and that she loaned "her personal
pension fund monies" to start the company, continued to capitalize the
company and, in return, received shares of common stock in F&V Cement. In
the complaint, Maria contended that Frank beat her and threatened her life
in a successful attempt to coerce her into transferring stock to him and
that he later forced her to accept the transfer of half of F&V Cement's
shares back to her. Maria also alleged that Frank committed fraud against
F&V Cement by using F&V Cement's labor and materials to perform "side jobs"
and receiving payments that he did not share with the company.
 Maria moved to set a new trial date in the divorce case, alleging
that Frank had violated discovery rules. In May and June 2001, Maria filed
notices of her claims to nonmarital property in No. 01 CH 6280 and in No.
01 M1 402155, a suit that the City of Chicago brought against the
Partipilos for real estate zoning violations and in which Maria had filed a
cross-claim against Frank for breach of contract and breach of fiduciary
relationship. Maria asked the court to stay the divorce case and allow No.
01 CH 6280 and No. 01 M1 402155 to proceed first. Judge Lawrence denied
the motion to stay the divorce trial and deferred ruling on the discovery
issues.
 In July 2001, Maria filed a complaint in No. 01 CH 10785 pursuant to
section 2-701 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-701
(West 2000)) seeking a declaratory judgment of her right to proceed with
No. 01 CH 6280 prior to the divorce proceedings.[2] Maria claimed that
under section 503(b)(1) of the Illinois Marriage and Dissolution of
Marriage Act (the Act) (750 ILCS 5/503(b)(1) (West 2000)), nonmarital
property must be assigned to a spouse and its value must be determined
prior to the entry of a judgment for dissolution of marriage and that No.
01 CH 6280 must be resolved before the divorce case could proceed. Maria
asked the trial court to transfer the divorce case to the judge assigned to
hear No. 01 CH 10785 and to consolidate the two cases. The motion for
consolidation was denied, and the court transferred No. 01 CH 10785 to the
divorce division to be heard by Judge Lawrence as a related matter to the
divorce case.
 Pursuant to section 2-1001(a)(2) of the Code (735 ILCS 5/2-1001(a)(2)
(West 2000)), Maria filed a motion for substitution of judge as of right in
No. 01 CH 10785. Maria stated that Judge Lawrence had not ruled on any
substantial matter in that case and asked that the case be assigned to
another judge. Following a hearing, Judge Lawrence denied the motion,
stating that he made a substantial ruling when he denied Maria's June 2001
motion to stay the divorce proceedings.
 On September 28, 2001, Judge Lawrence denied Maria's motions for
preliminary and permanent injunctions and her motion for summary judgment
in No. 01 CH 10785. In a memorandum opinion and order, Judge Lawrence
stated that "in the absence of an express statutory direction giving
Maria's tort claims priority, this court must balance her desire to
prosecute these claims first against Frank's desire to have an early
resolution of his divorce action." The judge stated that Maria did not
demonstrate "a clearly ascertainable right to have her claims in [No.] 01
CH 6280 adjudicated before commencement of" the divorce case. The judge
ordered that the Partipilos' divorce trial begin on October 1, 2001, and he
"expressly reserved" all claims in No. 01 CH 6280 that were not resolved in
the divorce case. Judge Lawrence later denied Maria's motion to enjoin
Frank from proceeding with the divorce case and also denied her motion for
substitution of judge for cause. Maria has filed three separate
interlocutory appeals pursuant to Supreme Court Rules 303 and 307(a) (155
Ill. 2d R. 303; 188 Ill. 2d R. 307(a)) challenging these rulings.
 On appeal, Maria first contends that Judge Lawrence erred in denying
her request for substitution of judge as of right in No. 01 CH 10785.
Frank raises the threshold issue of whether Maria's interlocutory appeals
provide this court with jurisdiction over Maria's appeal involving
substitution of judge. However, under Sarah Bush Lincoln Health Center v.
Berlin, 268 Ill. App. 3d 184, 187, 643 N.E.2d 276, 279 (1994), we find we
can consider Maria's claim of error in substitution of judge by way of her
appeal seeking injunctive relief. Accordingly, we address the substance of
Maria's contention.
 According to section 2-1001(a)(2)(ii) of the Code, a request for
substitution of judge as of right "shall be granted if it is presented
before trial or hearing begins and before the judge to whom it is presented
has ruled on any substantial issue in the case." 735 ILCS 5/2-
1001(a)(2)(ii) (West 2000). A trial judge has no discretion to deny a
proper motion for substitution of judge as of right. Nasrallah v. Davilla,
326 Ill. App. 3d 1036, 1039, 762 N.E.2d 25, 28 (2001). Because the issue
of whether a trial judge made a ruling on a substantial issue in a case is
a question of law, our review is de novo. Nasrallah, 326 Ill. App. 3d at
1039, 762 N.E.2d at 28.
 A judge's ruling is considered "substantial" if it is directly
related to the merits of the case. In re Marriage of Abma, 308 Ill. App.
3d 605, 610, 720 N.E.2d 645, 650 (1999). Examples of rulings on
substantial issues include situations in which the trial court has ruled on
a motion to dismiss, made pretrial rulings of law or where the party moving
for a substitution of judge has discussed issues with the trial judge, who
then indicated a position on a particular point. Rodisch v. Commacho-
Esparza, 309 Ill. App. 3d 346, 351, 722 N.E.2d 326, 330 (1999) (and cases
cited therein). Even when the court has not ruled on a substantial issue,
a motion for substitution of judge should be denied if the moving party had
an opportunity to test the waters and form an opinion as to the court's
reaction to his or her claim. In re Marriage of Petersen, 319 Ill. App. 3d
325, 338, 744 N.E.2d 877, 887 (2001). "A party is not free to 'judge shop'
until he finds a jurist who is favorably disposed to his cause of action."
Petersen, 319 Ill. App. 3d at 338, 744 N.E.2d at 887.
 Based upon our review of the proceedings, we conclude that Judge
Lawrence ruled on a substantial issue in No. 01 CH 10785 before he
addressed Maria's motion for substitution of judge as of right and that her
motion for substitution was properly denied. In denying the motion for
substitution, the judge expressly based his ruling on his prior denial of
Maria's June 2001 motion to stay the divorce case until the conclusion of
No. 01 CH 6280 and No. 01 M1 402155, stating that decision was a "ruling of
substance affecting the chancery case." We agree with the judge's
assessment, in that Maria's request that the chancery court allow No. 01 CH
6280 to be decided prior to the divorce proceedings represented the
substantive relief that she sought in No. 01 CH 10785. Although No. 01 CH
10785 was not filed until approximately a week after the motion for
substitution of judge was denied, the relief sought in No. 01 CH 10785 was
a repackaging of Maria's previous request to continue the divorce case.
The judge's denial of the previous request revealed to Maria that the court
was not amenable to delaying the divorce proceedings until the conclusion
of other lawsuits. For those reasons, the trial court properly denied
Maria's motion for substitution of judge as of right.
 Maria's next contentions involve the denial of her numerous and
varied requests to have her claim against Frank in No. 01 CH 6280 and her
cross-claim against Frank in No. 01 M1 402155 adjudicated before the
divorce case. She claims Judge Lawrence erred in denying her motions for a
preliminary injunction, a permanent injunction and for summary judgment in
No. 01 CH 10785.
 In order to be entitled to an injunction, a plaintiff must
demonstrate a certain and clearly ascertainable right and that he or she
will suffer "irreparable harm" if relief is not granted. Lucas v. Peters,
318 Ill. App. 3d 1, 16, 741 N.E.2d 313, 325 (2000). Maria argues ad
infinitum that her causes of action against Frank constitute her "non-
marital property" and "protected property rights" and that she "must be
granted the opportunity to formalize her causes of action into judgments
for her and against Frank." It is clear that Maria has the right to sue
her husband (750 ILCS 65/1 (West 2000)); at issue is whether she must be
allowed to resolve her suits against Frank prior to the divorce case.
 Section 503(a)(5) of the Act provides:
 " '[M]arital property' means all property acquired by either
 spouse subsequent to the marriage, except the following, which is
 known as 'non-marital property':
 * * *
 (5) any judgment or property obtained by judgment awarded to a
 spouse from the other spouse[.]" 750 ILCS 5/503(a)(5) (West 2000).
 Contrary to Maria's assertions, section 503(a)(5) does not provide
that a cause of action can constitute nonmarital property; it states that a
judgment can constitute nonmarital property. The essence of Maria's appeal
is that she should have the opportunity to be awarded judgments in No. 01
CH 6280 and No. 01 M1 402155 and have them classified as her "nonmarital
property" prior to the division of property in the divorce proceedings.
However, property is not deemed "marital" or "nonmarital" until the
dissolution of marriage occurs. See In re Marriage of Henke, 313 Ill. App.
3d 159, 166, 728 N.E.2d 1137, 1143 (2000); In re Marriage of Schwartz, 131
Ill. App. 3d 351, 355, 475 N.E.2d 1077, 1080 (1985) ("operation of the term
'marital property' does not trigger until the time of dissolution").

 Maria cites no direct precedent to support her argument that her
causes of action merit priority over the divorce proceedings that Frank had
previously initiated. Indeed, the opposite approach is favored by Illinois
courts. A trial judge sitting in the domestic relations division of the
circuit court has jurisdiction to hear all justiciable matters. In re
Marriage of Devick, 315 Ill. App. 3d 908, 913, 735 N.E.2d 153, 157 (2000);
In re Marriage of Isaacs, 260 Ill. App. 3d 423, 428, 632 N.E.2d 228, 232
(1994). In Isaacs, the wife filed a petition for dissolution of marriage,
and eight days later, the husband filed an action in the chancery division
of the circuit court seeking the imposition of a constructive trust over
shares of stock held by the wife and also for breach of fiduciary duty.
Isaacs, 260 Ill. App. 3d at 425, 632 N.E.2d at 230. The wife petitioned
the chancery court to consolidate the chancery case into the divorce case,
and her petition was denied. Isaacs, 260 Ill. App. 3d at 425, 632 N.E.2d
at 230.
 In his appeal, the husband argued that the trial court erred in
barring him from collaterally asserting his claims to the wife's interest
in the stock. Isaacs, 260 Ill. App. 3d at 427, 632 N.E.2d at 231-32. This
court stated:
 "[A]s a general rule, where two actions are brought in different
 Illinois courts on the same subject to test the same rights, the court
 which first acquires jurisdiction, assuming its power is adequate to
 administer complete justice, retains its jurisdiction and may dispose
 of the entire controversy to the exclusion of all coordinate courts."
 Isaacs, 260 Ill. App. 3d at 428, 632 N.E.2d at 232.
 The court noted that the divorce and the husband's chancery action
were both "seeking to obtain title" to the stock at issue but stated:
 "While we must reserve comment on the chancery court's denial of
 [the wife's] motion for consolidation as it is not properly before us,
 we nevertheless feel obliged to point out that both common sense and
 sound public policy dictate that matrimonial litigants should not be
 permitted to make a circuitous run around the divorce court in
 coordinate courts." Isaacs, 260 Ill. App. 3d at 429, 632 N.E.2d at
 233.
 The policy considerations discussed in Isaacs are applicable here.
If Maria was permitted to halt the divorce case until the conclusion of her
chancery suit against Frank and her cross-claim in No. 01 M1 402155, then
any husband or wife whose spouse filed a petition for dissolution of
marriage could delay the divorce by filing a separate lawsuit against or
involving the spouse and arguing that action must be resolved before the
divorce case could proceed. In complex cases such as the Partipilos', the
parties are best served by bifurcation, in which the trial court dissolves
the marriage and leaves the division of property to be determined at a
later date. We affirm the denial of Maria's requests for injunctions and
summary judgment in No. 01 CH 10785.
 Lastly, Maria asserts that Judge Lawrence abused his discretion in
denying her emergency motion in the divorce proceeding for substitution of
judge for cause. In order to make a successful motion for substitution of
judge for cause, the party must show prejudice. 735 ILCS 5/2-1001(a)(3)
(West 2000); Schaller v. Weier, 319 Ill. App. 3d 172, 177, 744 N.E.2d 376,
379 (2001). Proving such prejudice is a heavy burden and the conclusion of
prejudice will not be made lightly. Petersen, 319 Ill. App. 3d at 339, 744
N.E.2d at 888.
 Maria argues that Judge Lawrence was Frank's "advocate" and that he
"predetermined before trial commenced in [the divorce case] that he would
not assign to Maria as her non-marital property any judgment for her and
against Frank." Maria does not list specific comments by the judge to
support those assertions. In any event, based upon our review of the
proceedings, we find no evidence of bias against Maria. Maria also
contends prejudice was evident because Judge Lawrence refused to grant her
the use of an interpreter and forced her to answer questions about Frank's
medical condition. We likewise find those claims to be meritless. Maria's
motion for substitution of judge for cause was properly denied.
 Accordingly, for all of the foregoing reasons, the judgment of the
trial court is affirmed.
 Affirmed.

 O'BRIEN and O'MARA FROSSARD, JJ. concur.
-----------------------

 [1] Several pages of Maria's complaint in No. 01 CH 6280 are absent
from the record. As the appellant, it is Maria's responsibility to furnish
this court with a complete record of the proceedings at trial. See Foutch
v. O'Bryant, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984). Due to
the incomplete nature of Maria's complaint, as well as its considerable
length, we attempt to describe the general gist of her allegations.

 [2] We note that Maria's complaint in No. 01 CH 10785 states that she
seeks to have No. 01 CH 6280 decided prior to the divorce case but does not
mention No. 01 M1 402155. Because Maria filed notices of her claims to
nonmarital property in both cases, and for the sake of completeness, our
analysis will include both causes of action.